In re ERIE HILTON JOINT VENTURE, a Pennsylvania Limited Partnership d/b/a The QUALITY HOTEL PLAZA, Debtor.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Movant,

v.

ERIE HILTON JOINT VENTURE, a Pennsylvania Limited Partnership d/b/a The Quality Hotel Plaza, Respondent.

Bankruptcy No. 89–00571E.

Motion No. 89–1372.

United States Bankruptcy Court, W.D. Pennsylvania.

April 4, 1990.

for relief from stay. However, in our view, the matter was not fully before this court until March 8th and consequently, the thirty days begins to run on that date.

Therefore, our decision is timely.

Harry D. Martin and James H. Richardson, Erie, Pa., for debtor.

Anthony Cillo, Daniel L. Wessels and Neil F. Siegel, Pittsburgh, Pa., for Prudential Ins. Co.

Lawrence C. Bolla, Erie, Pa., for Unsecured Creditors Committee.

Dennis Spyra, Pittsburgh, Pa., for U.S. Trustee.

William R. Brown, Erie, Pa., for Pennbank.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

Erie Hilton Joint Venture, a Pennsylvania Limited Partnership doing business as The Quality Hotel Plaza ("Hilton") filed its petition under Chapter 11 of the Bankruptcy Code on October 12, 1989, one day prior to a scheduled execution sale of Hilton's business premises.

Prudential Insurance Company of America ("Prudential") filed the within Motion to Dismiss Chapter 11 Petition or in the Alternative for Relief from the Automatic Stay on November 22, 1989. Prudential has since withdrawn its Motion to Dismiss and now seeks only Relief from the automatic stay.

A preliminary hearing was originally scheduled for December 28, 1989, which by agreement of the parties, was rescheduled for and held on January 3, 1990. A trial was held on February 21, 1990 after which the parties requested time to file post-trial briefs. Prudential's final brief was submitted on March 8, 1990.

Counsel for Prudential reminds us of the necessity to decide this matter within thirty days pursuant to Rule 4001. We recognize the need for expeditious action on motions

### Facts

The parties have filed a stipulation which is quoted as follows:

1. The debtor in this Chapter 11 proceeding is Erie Hilton Joint Venture, a Pennsylvania Limited Partnership doing business as The Quality Hotel Plaza.

2. Hilton owns a hotel at 16 West Tenth Street, Erie, Pennsylvania, together with the real estate upon which the hotel is located and the fixtures and personal property located within the hotel (together the "Hotel Property").

3. Hilton's sole asset is the Hotel Property.

4. Through various transactions in the mid and late 1970s, approximately $4,500,000 was loaned to Hilton. Prudential is now the obligee of these loan transactions (the "Prudential Loan").

5. As consideration for the Prudential Loan, Hilton entered into, *inter alia*, a mortgage note, a mortgage and a security agreement.

6. Pursuant to the mortgage note, Hilton is obligated to make monthly principal and interest payments to Prudential in the aggregate amount of $41,367 until October 15, 2002, which payments represent an annual interest rate of 10.91%.

7. Pursuant to the mortgage note, Hilton is also obligated to pay Prudential "contingent interest," identified as "additional interest" in the mortgage note, which is calculated as 10% of annual gross room income in excess of $1,279,000.

8. Pursuant to the mortgage note, late payments of principal, interest and contingent interest bear interest at the rate of 10% per annum.

9. Pursuant to the mortgage, and as security for payment of the Prudential Loan, Hilton granted Prudential a mort-

gage in all of Hilton's real property and fixtures.

10. As additional security, Hilton granted Prudential a security interest in all of Hilton's personal property, including the after-acquired property.

11. Prudential has perfected its security interest in Hilton's real and personal property by filing the appropriate documents in the Office of the Recorder of Deeds, the Prothonotary of Erie County and the Department of State, Harrisburg, Pennsylvania.

12. Throughout 1987, 1988 and 1989, Prudential was (and remains) Hilton's largest and most senior secured creditor.

13. Hilton has failed to make timely monthly payments of principal, interest and contingent interest to Prudential.

14. From June 22, 1987 until January 31, 1989, Hilton operated the hotel as a Quality Inn International, Inc. franchise.

15. Hilton's franchise agreement with Quality International, Inc. was terminated by Quality International, Inc. in January of 1989 primarily because Hilton failed to make certain required capital improvements.

16. Since January of 1989, Hilton has operated the hotel without an affiliation with a national hotel franchise.

17. Since May of 1989, the hotel has not had the benefit of utilizing Quality International's toll-free "800" number reservation system and has not had the benefit of any similar reservation system.

18. The loss of the Quality International, Inc. franchise has had and continues to have a deleterious effect on the Hotel's ability to attract guests and generate revenue.

19. Quality International, Inc. has instituted litigation against Hilton seeking, *inter alia*, recovery of franchise fees, damages for breach of contract and damages for infringement of trademark. Quality claims initial damages in the amount of between $551,000 and $725,000.

20. Hilton has not paid real estate taxes to the County of Erie taxing authorities for the years 1987, 1988 and 1989.

21. At least three of the Hotel's eight floors require substantial improvements. Rooms on these three floors cannot be rented at market rate.

22. Prudential confessed judgment against Hilton in the amount of $4,261,021.48 in July of 1989.

23. On August 16, 1989, Hilton and Prudential entered into a settlement agreement which, *inter alia*, reduced the amount of Prudential's judgment against Hilton to $4,125,627, and imposed a moratorium on all property execution prior to October 13, 1989.

24. To execute on its judgment, Prudential instituted foreclosure proceedings against Hilton's real and personal property, and a sheriff's sale was scheduled for October 13, 1989.

25. On the afternoon of October 12, 1989, one day before the scheduled foreclosure sale, Hilton filed its Chapter 11 Bankruptcy Petition thereby staying the October 13, 1989 sheriff's sale.

26. Except for judgment liens, the only secured creditors are Prudential and Pennbank of Erie.

27. Prudential is the senior secured creditor.

28. Hilton's Amended Bankruptcy Petition reflects the amount due Prudential as $4,125,625. Prudential claims that it has a secured claim of at least $4,213,655. Hilton disputes that portion of Prudential's claim above $4,125,627.

29. Pennbank's junior secured claim is in the amount of approximately $1,100,000. Real estate taxes of approximately $400,000 are due. In addition, unsecured creditors identified on bankruptcy schedules are due approximately $323,000.

30. Hilton's Amended Bankruptcy Petition identifies the following inter-company claims against Hilton:

| | |
|---|---:|
| Consolidated Engineering | $ 7,575.00 |
| Metropolitan Hotels, Inc. | 614,946.00 |
| Consolidated Management, Inc. | 695,554.00 |

| | |
|---|---|
| Pikesville Hotel Limited Partnership | 608,202.00 |
| Consolidated Enterprises | 264,366.00 |
| Hospitality House of Annapolis | 3,829,144.00 |
| William L. Siskind | 588,737.00 |

31. Hilton has identified the related claims as "disputed;" these related companies must now file Proofs of Claim to prove the sum due to them from Hilton.

32. Consolidated Management, Inc., a Maryland corporation controlled by Mr. William L. Siskind, is the general partner of Hilton.

33. The general partner of Hilton is Consolidated Management, Inc., which owns 34% of the partnership interest. The limited partners, who own the balance of the partnership interests are Herman Rubin, Arvin Rosen, Leon Levitsky, Bernice Hutzler, Henry Fensterwald and Maurice Wyatt, none of whom are related to William L. Siskind by any degree of consanguinity.

34. Consolidated Enterprises, Inc. owns 87% of Consolidated Management, Inc.

35. William L. Siskind owns 100% of Consolidated Enterprises, Inc.

36. Consolidated Enterprises, Inc. owns 100% of Metropolitan Hotels, Inc.

37. Consolidated Enterprises, Inc. owns 100% of Consolidated Engineering, Inc.

38. Hospitality House of Annapolis is a limited partnership. William L. Siskind is the sole general partner of Hospitality House of Annapolis and Consolidated Enterprises, Inc. is the sole remaining limited partner.

39. Pikesville Limited Partnership is a limited partnership. William L. Siskind is the general partner of Pikesville Limited Partnership. The limited partners are:

[sic]

40. Hilton has no equity in the Hotel Property.

41. The fair market value of the Hotel Property is $2.9 million.

42. The two mortgages recorded against the property have a current balance due of approximately $5,225,627. Additionally, there are real estate tax liens and judgment liens against the Hotel Property in the approximate amount of $400,000.

43. On October 26, 1989, Hilton entered into a 90–page Agreement to Purchase the real estate and structure and a 37–page Agreement to Purchase FFE, by which Hilton would sell its assets to a corporate purchaser controlled by an individual named Ivan A. Soclof, a Cleveland business man. Copies of these documents have been submitted to the court as Prudential Exhibits 16 and 17.

44. The court has established April 25, 1990 as the Bar Date for filing Proofs of Claim in the Hilton reorganization proceeding.

Not surprisingly, the parties disagree on the application of the above facts. Based on the facts as stipulated, Prudential asserts that it is entitled to relief from stay. Hilton asserts that Prudential's Motion should be dismissed.

### Discussion

■ Bankruptcy Code § 362(d) provides that the court shall grant relief from stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

It is agreed that Hilton has no equity in the Hotel Property. Hilton asserts that the Hotel Property is necessary to an effective reorganization. Prudential asserts that an effective reorganization is not possible and that its interest in the Hotel Property is not adequately protected.

It is the debtor's burden to establish that the collateral at issue is "necessary to an effective reorganization." *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 108 S.Ct. 626,

**754**

98 L.Ed.2d 740 (1988); 11 U.S.C. § 362(d). This requires a showing that the property is essential for an effective reorganization. *Id.* There must be "a reasonable possibility of a successful reorganization within a reasonable time." *Id.*

The Hotel Property is Hilton's only asset. Granting Prudential relief from stay precludes recovery for any other creditors. Without the Hotel Property, there can be no reorganization. Hilton has suggested several alternative plans that it might propose which would provide some recovery to other creditors. It can only do so with the Hotel Property. The Hotel Property is essential to any reorganization.

Our Third Circuit has evidenced a flexible approach towards allowing separate classifications of unsecured claims. *In re Jersey City Medical Center*, 817 F.2d 1055 (3rd Cir.1987). Under the alternatives available to the debtor as expressed therein, there is a reasonable possibility that Hilton can submit a confirmable plan of reorganization, whether or not the claims of "related companies" could properly be included for voting purposes.

There is no evidence to indicate that any depreciation of the Hotel Property is not more than offset by appreciation during a short period of time.

Hilton filed its petition less than six months ago. At trial on February 21, 1990, Hilton stated that a plan of reorganization could be filed in thirty to sixty days. This is a reasonable time frame. We will afford Hilton the opportunity to file such a plan by April 30, 1990. If no plan is filed by that date, Prudential's Motion for Relief from Stay will be granted.

An appropriate order in accordance with the foregoing will be entered.

## ORDER

This 4 day of April, 1990, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED:

1. The Motion of Prudential Insurance Company of America for Relief from Stay is temporarily DENIED.

2. The Motion of Prudential Insurance Company of America for Relief from Stay shall be granted on April 30, 1990 if Erie Hilton Joint Venture, a Pennsylvania Limited Partnership doing business as The Quality Hotel Plaza has not, by that date, filed a plan of reorganization.