In re ERIE HILTON JOINT VENTURE, a Pennsylvania Limited Partnership d/b/a The Quality Hotel Plaza, Debtor.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Movant,

v.

ERIE HILTON JOINT VENTURE, Quality International Hotels, Herman Rubin, Joseph Kreit and Tilman Rosenblatt, Respondents,

and

William Pineo, Esq., Chapter 7 Trustee, Intervenor.

Motion No. NFS–1.
Bankruptcy No. 89–00571E.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 12, 1993.

William Pineo, Meadville, PA, Trustee.

William Pineo, pro se.

Neil F. Seigel, Pittsburgh, PA, for Prudential Ins. Co. of America.

Gary V. Skiba, Erie, PA, for William Siskind.

Stephen H. Hutzelman, Erie, PA, for Quality Inns A/K/A Choice Intern. Hotels, Inc.

William L. Siskind, Baltimore, MD, for Tilman E. Rosenblatt and Joseph Kreit.

James H. Richardson, Erie, PA, for debtor.

Lawrence C. Bolla, Erie, PA, for Official Committee of Unsecured Creditors.

Guy C. Fustine, Erie, PA, John Martin Klein, Baltimore, MD, for Herman Rubin.

Charles D. Agresti, Erie, PA, for Arvin Rosen, Leon Levitsky and Maurice Wyatt.

Philip B. Friedman, Erie, PA, for Bernice Hutzler.

William Brown, Erie, PA, for Pennbank.

Ted G. Miller, Erie, PA, for County of Erie.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

A comprehensive compilation of the tortured history of this single asset real estate case is set forth in prior opinions of this Court. *See* 145 B.R. 215, 137 B.R. 165, 125 B.R. 140, and 112 B.R. 750.

Presently before the Court is Prudential Insurance Company of America's ("Prudential") MOTION FOR REHEARING OF EMERGENCY MOTION TO COMPEL RECOVERY OF FUNDS AND FOR THE CREATION OF ESCROW ACCOUNT AND FOR PAYMENT OF PRIORITY ADMINISTRATIVE CLAIM ("Motion").

Erie Hilton Joint Venture's ("Debtor") Second Amended Plan of Reorganization ("Plan") was confirmed by Order dated October 3, 1990 ("Confirmation Order"). Due to the unresolved dispute at the time of confirmation between the Debtor and Pru-

dential over who was responsible for payment of the 1990 real property taxes, the Confirmation Order provided "that any and all provisions of the Plan which fix liability for 1990 ad valorem real estate taxes are void, and all questions pertaining to the 1990 ad valorem real estate taxes are reserved to a future determination."

Shortly thereafter, by Order dated October 10, 1990, we determined that the Debtor had incurred an administrative expense in the amount of $\frac{7}{12}$ths of the 1990 ad valorem taxes. The Debtor was directed to pay those taxes as a "priority administrative expense" under its confirmed Plan. On October 19, 1990, the Debtor filed a Motion for Reconsideration of the October 10 Order. On October 25, 1990, prior to the final hearing on the Debtor's Motion for Reconsideration, Prudential filed its Motion to Compel Recovery of Funds and for Creation of Escrow Account ("Motion to Compel"). Prudential sought to have the Debtor recover certain payments which the Debtor had made to certain administrative claimants whom Prudential asserts hold claims subordinate to theirs. The payments which Prudential wants the Debtor to recover were made shortly after confirmation of the Plan as follows:

| | |
|---|---|
| Quality International Hotels ("Quality") | $65,000.00 |
| Herman Rubin ("Rubin") | 4,169.74 |
| Joseph Kreit ("Kreit") | 8,500.00 |
| Tilman Rosenblatt ("Rosenblatt") | 2,119.37* |

\* Prudential's Motion to Compel refers to this amount as $1,895.65. Prudential's Brief in Support of the Motion to Compel states the amount as $2,119.37. The Debtor's list of disbursements shows $2,119.37.

---

On March 22, 1991, we issued an Opinion and Order concerning both the Debtor's Motion for Reconsideration and Prudential's Motion to Compel. *In re Erie Hilton Joint Venture*, 125 B.R. 140 (Bankr.W.D. Pa.1991). Our October 10, 1990 Order was reaffirmed. The Order provides that Prudential has an "administrative priority claim" for an amount equal to $\frac{7}{12}$ths of the 1990 real estate taxes. Additionally, since

it appeared the Prudential would receive prompt payment in full as an administrative expense under the Plan, we dismissed Prudential's Motion to Compel without prejudice, with a rehearing to be held upon request.

At a status conference held on June 6, 1991, the Debtor and Prudential agreed that, taking into account various obli-

gations Prudential owed to the Debtor, Prudential's remaining claim for 7/12ths of the 1990 taxes was $62,897.73. We also learned for the first time on June 6, 1991, that a dispute existed between the Debtor and its partners over funding of the Plan. Although certain administrative claimants had received payment, the Debtor claimed it had no money to satisfy the remaining administrative claims, including that of Prudential.

Following that status conference, Prudential filed the within Motion on June 25, 1991. Prudential requests that we (a) order the Debtor to recover the funds it distributed to Quality, Rubin, Kreit and Rosenblatt (collectively, the "Defendants"), (b) compel the Defendants to return the funds to the Debtor, (c) authorize the Debtor to pay $62,897.73 of the recovered funds to Prudential to satisfy Prudential's "priority administrative claim," and (d) compel the Debtor to place any remaining monies received from the Defendants in escrow. Prudential asserts that its claim is ahead of other administrative claims (1) because the Court held that Prudential was adequately protected and therefore, Prudential has a superpriority claim under 11 U.S.C. § 507(b) and (2) because the Court's prior orders granted Prudential a "priority administrative claim." Prudential further asserts that the settlement between the Debtor and Quality is void because of lack of notice to Prudential.

. Litigation over funding of the Plan continued. By Opinion and Order dated September 23, 1992, we determined that none of the Debtor's partners had made a firm commitment to fund the Plan and in the absence of any funding commitments, the Plan has collapsed. *In re Erie Hilton Joint Venture*, 145 B.R. 215 (Bankr.W.D. Pa.1992). On November 10, 1992, the Court, *sua sponte*, converted this case to a proceeding under Chapter 7. William Pineo, Esq. ("Trustee") was appointed as Trustee.

## Discussion

Prudential's Motion cannot be granted. Prudential held a Chapter 11 administrative claim pursuant to 11 U.S.C. § 507(a)(1) and § 503(b)(1)(B) which was entitled to payment in full under the Plan. (It was not a § 507(b) superpriority claim as there was never a finding that Prudential was adequately protected.) It was the Debtor's obligation to satisfy Prudential's claim in accordance with the terms of the Plan.

■ Upon confirmation of the Plan, all property of the estate vests in the Debtor. 11 U.S.C. § 1141(b). Confirmation discharges administrative claims incurred by the Debtor during the Chapter 11 proceeding. *In re Benjamin Coal Co.*, 978 F.2d 823 (3d Cir.1992); 11 U.S.C. § 1141(d)(1). Upon confirmation, the creditors receive a "new" claim based upon whatever treatment the claim was accorded in the Plan. *Benjamin Coal*, 978 F.2d at 827. When the Plan was confirmed, Prudential no longer had an administrative claim. *Id.* It had only the contractual right to full payment in accordance with the Plan. *Id.*

■ After confirmation, Prudential's remedies for the Debtor's failure to pay are limited to the usual remedies for the type of claim granted by the Plan. *Id.* When the Plan collapsed and the case was converted to Chapter 7, that remedy is to file a Proof of Claim in the Chapter 7 case. *Id.* at 827–28.

■ Although we think it unfair that the Debtor has satisfied certain contractual obligations under the Plan and has failed to satisfy others, the usual remedy to which Prudential is entitled in a Chapter 7 case is to file a proof of claim and have the Trustee examine the Debtor's activities and for the Trustee to collect and reduce to money property of the estate for distribution to creditors. The payments which the Debtor made to the Defendants were authorized by the Plan and cannot be recovered. *See In re Nardulli & Sons Co., Inc.*, 66 B.R. 871 (Bankr.W.D.Pa.1986) (The Trustee cannot avoid payments made by the debtor pursuant to a confirmed plan.) *rev'd on other grounds*, 836 F.2d 184 (3d Cir.1988); *In re Ford*, 61 B.R. 913 (Bankr.W.D.Wis. 1986) (Since all of the debtor's property revested in the debtor upon confirmation,

the Chapter 7 Trustee may not avoid any transfers which occurred after confirmation of the debtor's plan); *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458 (6th Cir.1991) (Payments which are authorized by confirmation of the plan cannot be recovered.)

Prudential's Motion will be refused. An appropriate Order will be entered.

### ORDER

This 12 day of August, 1993, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that Prudential Insurance Company of America's MOTION FOR REHEARING OF EMERGENCY MOTION TO COMPEL RECOVERY OF FUNDS AND FOR THE CREATION OF ESCROW ACCOUNT AND FOR PAYMENT OF PRIORITY ADMINISTRATIVE CLAIM is REFUSED.