**In re Charles D. and Jeraine LARSEN, Debtors.**

**Wesley B. HUISINGA, United States Trustee, Appellant,**

v.

**David O. CARTER, Appellee.**

Civ. No. 93–4204.
Bankruptcy No. 93–40245.

United States District Court,
D. South Dakota,
Southern Division.

May 18, 1994.

See also, 122 B.R. 733.

---

Charles Nail, U.S. Trustee, Sioux Falls, SD, for appellant.

David O. Carter, Sioux Falls, SD, for appellee.

## MEMORANDUM OPINION

PIERSOL, District Judge.

This bankruptcy appeal arises from the pending Chapter 7 proceeding of Charles and Jeraine Larsen. Wesley B. Huisinga, United States Trustee, through Assistant United States Trustee Charles Nail, appeals the Bankruptcy Court's holding that administrative expenses previously granted to David O. Carter for legal services rendered on behalf of the debtors in prior bankruptcy proceedings retain administrative priority status in this subsequently filed Chapter 7 proceeding.

Having carefully considered the parties' briefs and oral arguments, the Court affirms the decision of the Bankruptcy Court.

## I. Background

David Carter represented the Larsens during their Chapter 11 proceeding, filed in February 1985. The Bankruptcy Court confirmed the Larsens' plan of reorganization on August 21, 1987. (Doc. 6 at 4.) On June 5, 1990, the Bankruptcy Court granted Mr. Carter's application for attorney's fees and expense reimbursement in the amount of $18,410.24. (Bankr.Doc. 52, attach. A.) A final decree closing the case was entered August 30, 1988. (Doc. 8, app. 3.)

Mr. Carter also assisted the Larsens in filing a Chapter 12 petition on March 9, 1990. The Bankruptcy Court dismissed the petition, prior to confirmation of a plan, on April 11, 1990. On August 31, 1990, the Bankruptcy Court granted Mr. Carter's application for attorney's fees and expense reimbursement in the amount of $8,513.26. (Bankr.Doc. 52, attach. B; Doc. 6 at 4.)

Mr. Carter next assisted the Larsens in filing a Chapter 13 petition on July 23, 1990. The Bankruptcy Court dismissed it on August 24, 1990, again prior to confirmation of a plan. The court did not award Mr. Carter any fees or expenses. (Doc. 6 at 4.)

The Larsens finally filed a Chapter 7 petition on April 23, 1993, but they are now represented by different counsel. (Doc. 6 at 4.) Mr. Carter filed an application in the Chapter 7 proceeding asking the Bankruptcy Court to order that the attorney's fees and costs previously awarded to him should be allowed priority as administrative claims for purposes of distribution from the bankruptcy estate after the administrative claims and expenses of the Chapter 7 estate are paid. (Doc. 52.) Mr. Carter contended that his previous fees, in the total amount of $26,923 plus interest less payments of $4,040,[1] "constitute a priority administrative expense properly to be paid from the Chapter 7 bankruptcy estate prior to unsecured claimants." (Doc. 52 at 1–2.)

---

1. Payments resulted from Mr. Carter's collection on security interests he held in the Larsens' vehi-

cles. (Doc. 8 at 11.)

Mr. Carter argued below that 11 U.S.C. § 726(b) specifies "payments on claims in an estate such as this are to be made pro-rata *among the claims of the kind* specified in each particular paragraph noted in [11 U.S.C. §] 507(a)." (Bankr.Doc. 54 at 1.) He further argued that section 507(a) "specifically places as a first category, administrative expenses allowed under 503(b) and any fees and charges assessed against the estate under Chapter 123 of Title 28." (*Id.*) Relying on *In Re Juhl Enterprises, Inc.,* 921 F.2d 800, 803 (8th Cir.1990), Mr. Carter argued that, under the plain language of section 726(b), administrative claims from a Chapter 11 or 12 proceeding retain the same administrative status for purposes of establishing priority in distribution from a Chapter 7 estate. (*Id.* at 1–2.) Finally, he argued that his efforts in the Chapter 11 and 12 proceedings resulted in the accumulation of assets that ultimately benefited the estate at the Chapter 7 liquidation sale on August 4, 1993. (*Id.* at 2.)

The U.S. Trustee objected to the application, arguing that Mr. Carter's claim for fees was only an unsecured claim that could not be "carried over" as an administrative claim from the prior bankruptcy proceedings. (Bankr.Doc. 58.) The Trustee argued that section 726(b) is inapplicable because it pertains only to a Chapter 11 case that is subsequently converted to a Chapter 7 case, and Mr. Carter's fees arose out of petitions completely separate from this Chapter 7 petition. The Trustee further argued that administrative expenses are, by their nature, tied to a particular case, citing various cases which refer to "the" estate. (*Id.* at 3.) Thus, he argued that, when the Larsens' Chapter 11 plan was confirmed, Mr. Carter no longer had an administrative claim but only a contractual right to full payment by the debtors in accordance with the plan, citing *In re Benjamin Coal Co.,* 978 F.2d 823, 827 (3d Cir.1992), and *In re Erie Hilton Joint Venture,* 157 B.R. 244, 246 (Bankr.W.D.Pa.1993). The Trustee also argued that 11 U.S.C. § 349(b) barred Mr. Carter from asserting an administrative claim for fees remaining after the dismissal of the Larsen's Chapter 12 proceeding.

Following oral argument, the Bankruptcy Court ruled from the bench, (Bankr.Tr. at 18), and entered a written order. In the order, the Bankruptcy Court stated that the administrative expenses previously allowed to Mr. Carter did not lose status as administrative claims merely because the debtors subsequently filed a Chapter 7 proceeding. "Under 11 U.S.C. Section 726(b) distribution in the Chapter 7 is required to be made pro rata among claims of the kind specified in each paragraph. 11 U.S.C. 507(a), 11 U.S.C. 330(a) and 11 U.S.C. 503(b) describe the process by which compensation for attorney's fees is awarded." (Bankr.Doc. 60 at 2.) The Bankruptcy Court stated that it approved the administrative claims several years after the confirmation of the Chapter 11 plan and therefore, the "administrative quality of the claim did not die with the confirmation process." (*Id.* at 2.) Thus, the Bankruptcy Court ordered that Mr. Carter's application would be allowed as an administrative claim in the Chapter 7 estate, payable after the payment of the Chapter 7 administrative claims. (*Id.* at 3.)

The Trustee timely appeals. (Bankr.Doc. 63.) District court jurisdiction is properly premised upon 28 U.S.C. § 158(a). The Trustee argues the Bankruptcy Court erred in ruling in favor of Mr. Carter because the administrative nature of his claims terminated upon confirmation of the Chapter 11 plan and dismissal of the Chapter 12 proceeding.

Mr. Carter reasserts the arguments he made below, but he now analogizes this case to those dealing with Chapter 11 petitions that are subsequently converted to Chapter 7 petitions. *See e.g., In re Blue Ribbon Delivery Service, Inc.,* 31 B.R. 292 (Bankr. W.D.Ky.1983) ("fact of conversion alone does not alter the character of an administrative expense claim. If allowable in a chapter 11 proceeding, it is equally allowable if the case thereafter changes chapters.")

## II. Discussion

■ This Court reviews the Bankruptcy Court's findings for clear error and reviews its legal conclusions de novo. *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir. 1987). The applicable statute, 11 U.S.C.

§ 726(b) (emphasis added), provides in pertinent part:

> **(b)** *Payment on claims* of a kind specified in paragraph (1), (2), (3), (4), (6) or (7) of section 507(a) of this title, . . . *shall be made pro rata among claims of the kind specified* in each such particular paragraph, *except that in a case that has been converted* to this chapter under section 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

Under this statute, Mr. Carter's claim is of the kind specified in paragraph (1) of section 507(a) and is to receive the highest priority: "administrative expenses allowed under section 503(b) of this title[.]" 11 U.S.C. § 503(b)(2) defines administrative expense as "compensation and reimbursement awarded under section 330(a) of this title[.]" 11 U.S.C. § 330(a) provides for attorney's fee awards, which Mr. Carter obtained.

"The task of resolving the dispute over the meaning of [the statutes] begins where all such inquiries must begin: with the language of the statute[s]. . . ." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *In Re Juhl Enterprises, Inc.,* 921 F.2d at 803. The plain language of section 726(b) provides that payment on claims of the kind held by Mr. Carter shall be made pro rata among other claims of that kind in distributing property from the Chapter 7 estate. The only exception specified in section 726(b) is that "administrative expenses incurred after conversion to Chapter 7 have priority over the Chapter 11 administrative expenses." *In re Hers Cosmetics Corp.,* 114 B.R. 240, 245 (Bankr.C.D.Cal.1990); *In the Matter of Crisp,* 92 B.R. 885, 890 (Bankr.W.D.Mo.1988) (same). The super-priority status for the post-conversion "burial expenses" is "intended to provide an incentive to encourage capable trustees and professionals to act in su-

perseding cases." *In re Codesco, Inc.,* 18 B.R. 225, 227 (Bankr.S.D.N.Y.1982).

The Trustee argues, however, that Mr. Carter's claims lost their administrative priority status as a result of confirmation of the Larsens' Chapter 11 plan. The Trustee relies heavily on a Third Circuit decision, *In re Benjamin Coal Co.,* 978 F.2d 823 (3d Cir.1992).

This Court concludes that *In re Benjamin Coal Co.* is factually and analytically distinguishable from the case at bar. In that case, shortly after the company filed its Chapter 11 petition in October 1984, the Bankruptcy Court required David Benjamin, majority shareholder and president, to loan the company funds that had been paid to him by the company as compensation for certain lease assignments. *Id.* at 825. In return for the loans, the Bankruptcy Court awarded Benjamin, under 11 U.S.C. § 364(c)(1), an administrative claim with super-priority over all other administrative expenses of the kind specified in sections 503(b) or 507(b). The Bankruptcy Court order establishing Benjamin's obligations provided that the company would fully repay him by one of several contingent dates and, in any event, no later than June 30, 1985. Nonetheless, the Bankruptcy Court confirmed a reorganization plan on October 4, 1985. The plan specified that Class XI claims, like Benjamin's, were to receive payment of one-eighth of their full value on the 15th day after confirmation of the plan and were to be paid in full by the effective date of the plan, June 30, 1986. *Id.* After operating under the confirmed plan for nearly four years, the company converted its Chapter 11 petition to a Chapter 7 liquidation in June 1989. *Id.* at 825–26.

Upon conversion, Benjamin filed a proof of claim in the Chapter 7 proceeding after the time for filing claims had passed. The Bankruptcy Court denied the claim as an untimely filed, general unsecured claim, not entitled to any priority under 11 U.S.C. § 507 or 11 U.S.C. § 364(c)(1). On appeal, the District Court affirmed. *Id.* at 826.

The appeals court affirmed the lower courts "on the grounds that the confirmation of the Chapter 11 plan discharged the administrative claim previously granted to Benja-

min by order of the bankruptcy court." *Id.* In other words, the confirmation plan, which provided different terms and dates for repaying the loans to Benjamin, took precedence over the section 364(c)(1) administrative priority the Bankruptcy Court had awarded in a previous order. For this reason, the Third Circuit held that "[t]hereafter, Benjamin had only an unsecured non-priority contractual claim based on the terms of the plan and, inasmuch as those terms were not fulfilled, Benjamin was obligated to file his proof of claim in timely fashion after the conversion of the Chapter 7 case." *Id.*

■ Here, the Larsens' Chapter 11 reorganization plan awarded Mr. Carter administrative expense priority for his attorney's fees, the amount of which the Bankruptcy Court determined at a later date. Mr. Carter's situation is distinguishable from David Benjamin's in that the Larsens' reorganization plan recognized and confirmed Mr. Carter's administrative priority and did not undercut a super-priority over all other administrative claims earlier awarded to him by the Bankruptcy Court. The Court thus agrees with the Bankruptcy Court that the "administrative quality of the claim did not die with the confirmation process." (Bankr.Doc. 60 at 2.) For similar reasons, the Court also concludes that Mr. Carter's claim for Chapter 12 administrative expense priority was not impaired by the Bankruptcy Court's dismissal order.

The Court reaches the same legal conclusion as the Bankruptcy Court. The plain language of section 726(b) requires that Mr. Carter's administrative expense claims must be paid pro rata among claims of the same kind in the distribution of property from the Chapter 7 estate.

Accordingly, the decision of the Bankruptcy Court is AFFIRMED.