### In re PENN STATE CLOTHING CORPORATION, Debtor.

### Bankruptcy No. 92–16361DAS.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 13, 1997.

Andrew N. Schwartz, Trustee, Philadelphia, PA.

Louis Hockman, Snitow & Snitow, Philadelphia, PA, for Trustee.

David C. Shuter, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, for Debtor.

Kenneth F. Carobus, Philadelphia, PA, for Creditors' Committee.

Leslie B. Gaynus, Philadelphia, PA, for PA. Dept. of Labor & Industry.

Prince Altee Thomas, Philadelphia, PA, for PA. Dept. of Revenue.

Robert J. Hoelscher, Philadelphia, PA, for Ernst & Young.

Lynne P. Fox, Meranze and Katz, Philadelphia, PA, for Philadelphia Joint Board, ACTWU.

Arthur P. Liebersohn, Philadelphia, PA, Trustee for 640 North Broad Street Partnership.

Barbara J. Backman, Philadelphia, PA, for 604 North Broad Street Partnership.

Frederic Baker, Ass't. U.S. Trustee, Philadelphia, PA.

### SUPPLEMENT TO OPINION
### OF JANUARY 8, 1997

DAVID A. SCHOLL, Chief Judge.

This court received three separate motions requesting reconsideration of certain aspects of our Opinion and Order of January 8, 1997, in this case, presently reported only at 1997 WL 10355, 204 B.R. 161 ("the Opinion"):

1. The "Objector," ultimately identified as the (former) Creditors' Committee of the Debtor, (1) disputed the application of *In re Benjamin Coal Co.,* 978 F.2d 823 (3d Cir. 1992), to this controversy, but (2) also asserted, in the alternative, that the fee applications filed and approved in this case should be considered as "informal" proofs of claim against the Debtor's estate;

2. The United States Trustee ("the UST") disputed that aspect of the Opinion holding that the basis of the fee application claims should be the entire allowed claims of each professional, rather than, as she contended, the unpaid balances; and

3. The Trustee sought to be relieved from the time deadlines set forth in the Opinion in light of the pendency of the other motions for reconsideration.

This court partially responded to the motions in an Order of January 23, 1997 ("the Order"). Therein, we directed the Trustee to proceed with any necessary objections to claims, on the assumption that the Opinion would remain essentially intact, on or before January 31, 1997, to avoid any unnecessary further delay in the administration of this case. We also stated as follows regarding the UST's motion:

2. The court is not certain precisely what the UST is urging, or what authority it has for its position. In order to better understand its position, the court requests the UST, after consultation with the Trustee, to prepare amended proposed distributions (1) consistent with the Order as it stands; and (2) consistent with the position of the UST, on or before February 4, 1997.

Next, we noted that the Objector's contention that its fee applications should be considered as informal proofs of claim appeared to have much more merit than its expressed points of difference with *Benjamin Coal.* Finally, we invited all of the parties to make submissions arguing their own positions or opposition to any other party's contentions on or before February 7, 1997, prior to hearings scheduled on all three motions on February 11, 1997.

The primary goal of the Order was to permit all interested parties to make full

commentary on the pronouncements made in the Opinion, which would appear to impact distributions in other cases converted to Chapter 7 after Chapter 11 plans were confirmed, as well as the instant case. A secondary goal was to prevent further delay in effecting the final distribution in this long-outstanding case.

The Trustee proceeded to file objection to the claims of the Philadelphia Joint Board ACTWU and the 640 North Broad St. Partnership on the ground that the administrative classifications of these claims, arising in the course of the Chapter 11 phase of the case, are no longer correct. Those Objections are listed for hearings on March 13, 1997.

Only the Objector accepted our invitation to make a February 7, 1997, submission. Moreover, the Objector devoted most of its attention to a contention that *Benjamin Coal* was wrongly decided and hence subject to be disregarded by this court or at least narrowly applied by us to only cases where a debtor engages in "substantial operations" post-confirmation in Chapter 11 before succumbing to conversion.

■ Unfortunately for the Objector, this court does not have the luxury of ignoring the precedent established by the Third Circuit Court of Appeals in *Benjamin Coal. See In re Gelletich,* 167 B.R. 370, 374–75 (Bankr.E.D.Pa.1994); and *In re Taras,* 136 B.R. 941, 948–50 (Bankr.E.D.Pa.1992). Moreover, the Objector is incorrect in its assertion that the principle that Chapter 11 administrative claims are to be treated with parity to general unsecured claims after confirmation of a Chapter 11 plan and conversion to Chapter 7 was erroneously "based" upon *In re Official Committee of Unsecured Creditors of White Farm Equipment Co.,* 943 F.2d 752 (7th Cir.1991), *cert. denied,* 503 U.S. 919, 112 S.Ct. 1292, 117 L.Ed.2d 515 (1992), and/or was entirely unprecedented.

It is true that the *Benjamin Coal* court cited *White Farm,* 978 F.2d at 827–28. However, it was merely to distinguish *White Farm* and other multiple filing cases cited by the appellant in that case from the case at bar. This holding was not "based" on the result in *White Farm.* Furthermore, as we noted in the Opinion, at *3, the conclusions in *Benjamin Coal* were presaged by the decision in *In re Fashion Spear, Inc.,* 15 B.R. 137, 140 (Bankr.W.D.Pa.1981) (COSETTI, J.) (decided under the Bankruptcy Act). We therefore conclude that we must continue to fully abide by *Benjamin Coal,* as noted in the Opinion, and further note that we do not view the result there as aberrational or unique. In its February 7, 1997, submission and at argument on February 11, 1997, the Objector cited *In re Larsen,* 169 B.R. 404, 407–08 (D.S.D.1994), *rev'd,* 59 F.3d 783 (8th Cir.1995), in support of its attempt to limit the application of *Benjamin Coal* to a case where the putative Chapter 11 administrative claim was discharged under the terms of the plan. However, we note above that the *Larsen* decision was ultimately reversed.[1]

■ The Objector fares better in its contention that its fee applications, and those of other Chapter 11 professionals, should be viewed as timely filed and allowed as "informal" proofs of claim. The applications were clearly filings which satisfy the requirements for "informal" proofs of claim as being

> in the form of a pleading filed in the Bankruptcy Court which shows "that a demand is made against the estate" and "the creditor's intention to hold the estate liable." [*In re*] *Ungar,* 70 B.R. [519,] at 521–23 [ (Bankr.E.D.Pa.1987) ] (quoting *In re Thompson,* 227 F. 981, 983 (3d Cir. 1915)).

*In re Wilbert Winks Farm, Inc.,* 114 B.R. 95, 97 (Bankr.E.D.Pa.1990). *Accord, e.g., In re Charter Co.,* 876 F.2d 861, 863–64 (11th Cir.

---

1. We do note that *Benjamin Coal's* pronouncements are apparently limited to cases in which a plan is confirmed in Chapter 11 prior to conversion, a limitation which we failed to appreciate in our comments in *In re Cohen,* 1997 WL 47623, at *1 (Bankr.E.D.Pa. Feb. 3, 1997). Also, we note that the parties agreed that unsecured creditors would be entitled to only the percentage of their claims payable under the terms of a confirmed plan in a distribution, and not their entire claim. This factor is not an issue here because the Debtor's confirmed plan contemplated a one hundred (100%) percent payment to unsecured creditors. We express no opinion as to whether the parties are correct on this point.

1989); *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379–80 (9th Cir.1985); *In re Dauer*, 165 B.R. 146, 147 (Bankr.D.N.J.1994); *Hatzel & Buehler, Inc. v. Station Plaza Associates, L.P.*, 150 B.R. 560, 561 (Bankr.D.Del. 1993); and *In re Dietz*, 136 B.R. 459, 462–64 (Bankr.E.D.Mich.1992).

The Trustee argues that the Objector declined our invitation in the Opinion, at *4, to file late, formal claims under the principles set forth in *Pioneer Investment Services Co. v. Brunswick Associates, L.P.*, 507 U.S. 380, 387–95, 113 S.Ct. 1489, 1494–98, 123 L.Ed.2d 74 (1993); *In re Pennsylvania Truck Lines, Inc.*, 189 B.R. 331, 335–37 (Bankr.E.D.Pa. 1995); and *In re Sacred Heart Hospital of Norristown*, 186 B.R. 891, 894–98 (Bankr. E.D.Pa.1995), and therefore should not be permitted to assert its claim in any other manner. However, the passage referenced in the Opinion was merely intended to be illustrative of a means by which Chapter 11 professionals could attempt to obtain distributions in this case. The informal proof of claim doctrine is an acceptable, and in fact more appropriate, alternative measure. No formal proof of claim need be filed to amend the informal fee application claim because the amount of the claim has already been fixed by court order.

The final issue is the UST's contention that our requirement that the basis of fee application claims should be the balances due on the applications at the time of conversion rather than the total allowed fee applications, deducting therefrom the amounts paid. In response to the Order, the UST submitted calculations purporting to establish that all distributees would receive less under the Opinion formula than under the UST's formula.

However, this is because the UST, in her calculations, refrained from proposing a distribution of the excess sums withheld from professionals who had already received more than their share of the distribution based on the total fees allowed. It is apparent to us that this excess sum not distributed to "overpaid" Chapter 11 professionals must be distributed pro rata to general unsecured creditors, including "underpaid" Chapter 11 professionals. When this supplemental distribution is effected, all but the "overpaid" Chapter 11 professionals receive a larger distribution under the Opinion's formula than under the UST's formula, the latter of which allows "overpaid" professionals to remain overpaid.

The only arguments left to the UST are that (1) *Benjamin Coal* does not discuss this particular aspect of distribution in a converted Chapter 7 case; (2) the authorities relied upon in the Opinion, *In re North Bay Tractor, Inc.*, 191 B.R. 186, 187–88 (Bankr. N.D.Cal.1996); and *In re Metropolitan Electric Supply Co.*, 185 B.R. 505, 512 (Bankr. E.D.Va.1995), did not involve confirmed plans; and (3) the Opinion formula is more complex, requiring, as it does, multiple "stages" of calculations.

We agree that the issue of how to make distributions among "overpaid" and "underpaid" former Chapter 11 professionals is not addressed in *Benjamin Coal*. However, it *is* discussed in *North Bay Tractor* and *Metropolitan Electric*, and these are the only decisions known to this court to discuss this issue in any factual contexts. These two decisions are consistent, and were persuasive to us in addressing the goal of equalizing the distributions. We perceive no significant distinction in the rights of distributees due to the mere circumstance of the case having achieved confirmation prior to conversion. And we perceive no greater administrative difficulty in calculating distributions in previously-confirmed converted Chapter 11 cases than in cases in which confirmations have never occurred.

Therefore, except for directing the Trustee to consider the former Chapter 11 professionals fee awards as informal proofs of claim and allowing the Trustee an extension until March 31, 1997, after the resolution of objections to claims now scheduled for hearings on objections to proofs of claim on March 13, 1997, to file a proposed amended order of distribution consistent therewith, the results of the Opinion shall be sustained in the following order.

## ORDER

AND NOW, this 13th day of February, 1997, upon consideration of the motions ask-

ing for reconsideration of certain aspects of our Opinion and Order of January 8, 1997 ("the Opinion"), filed by the United States Trustee, the Trustee, and "the Objector" (apparently the former Creditors' Committee of the Debtor), and the submissions by the parties relevant thereto, and the arguments at the hearing on the motions of February 11, 1997, it is hereby ORDERED as follows:

1. The objections to the claims of the Philadelphia Joint Board filed by the Trustee are listed on a must-be-heard basis on THURSDAY, MARCH 13, 1997, AT 9:30 A.M. and shall be held in Bankruptcy Courtroom No. 4 (Room 3620), Third Floor, United States Court House, 601 Market Street, Philadelphia, PA 19106.

2. The Trustee or his counsel shall file any necessary amended proposed distribution order consistent with the Opinion and with this Supplemental Opinion, and· *serve a certification of such filing upon the United States Trustee and the court in chambers* on or before MARCH 31, 1997.

3. Any objections to the aforesaid proposed amended distribution order shall be filed and served on or before APRIL 7, 1997.

4. In the event an Order for Distribution is entered shortly thereafter, the Trustee or his counsel shall thereafter file, *and serve a certification of such filing upon the court in chambers,* the cancelled checks and zero bank statement; or an affidavit, pertaining to disbursements made pursuant to The Order of Final Distribution, setting forth that there is a zero balance in the account and that the cancelled checks are no longer available on or before SEPTEMBER 1, 1997.