**In re Arnold and Gail DAUER, Debtors.**

**Bankruptcy No. 90–35652.**

United States Bankruptcy Court,
D. New Jersey.

March 24, 1994.

Elizabeth Walsh Kreger, Stark & Stark, Princeton, NJ, for trustee.

David Edelberg, Ravin, Greenberg & Marks, P.A., Roseland, NJ, for New Pal Financing Group.

### *MEMORANDUM OPINION*

STEPHEN A. STRIPP, Bankruptcy Judge.

Before the court is the chapter 7 trustee's objection to an unsecured creditor's proof of claim as untimely. The creditor, New Pal Financing Group, argues that it filed a timely "informal claim" which was subsequently amended by filing a formal proof of claim eleven months after the deadline for filing proofs of claim. The court has jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and 151. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). For the following reasons, the trustee's objection is sustained and the claim is disallowed as untimely.

### *FINDINGS OF FACT*

The debtors, Arnold and Gail Dauer, filed a voluntary petition under chapter 11, title 11, United States Code ("Bankruptcy Code" or "Code") on December 14, 1990. The debtors' petition listed "New P.A.L. Inc." as an unsecured creditor with a $242,000 disputed claim. On January 22, 1991, the court sent notice to the creditors of the first meeting of creditors scheduled for February 11, 1991 and the April 18, 1991 deadline for filing proofs of claim. New Pal Financing Group ("New Pal") did not file a claim while the case was in chapter 11. On June 29, 1992,

the case was converted to chapter 7. The court sent notice on July 24, 1992 of the meeting of creditors and the November 23, 1992 filing deadline for proofs of claim in the chapter 7 case. On October 13, 1993, eleven months after the deadline for filing proofs of claim, New Pal filed a proof of claim for $258,565.00 unsecured. The trustee objected to New Pal's proof of claim as untimely and moved to expunge the claim on October 28, 1993.

New Pal does not deny receiving the court's notice of the deadline for filing proofs of claim in both the chapter 7 and chapter 11 cases. However, New Pal makes three separate arguments urging this court to allow its claim. · First, New Pal argues that a letter to the trustee regarding a discovery matter constituted an informal proof of claim which was amended by the filing of a formal proof of claim on October 13, 1993. Second, New Pal argues that if the debtors had correctly listed its claim as undisputed then New Pal would not have been required to file a proof of claim in the chapter 11 case. As to the chapter 7 case, New Pal alleges that the court's notice failed to advise creditors of rule changes that required New Pal to file a proof of claim. Finally, New Pal argues that it filed a formal proof of claim within days of a jury verdict for the debtors in an unrelated civil action which will provide a dividend to unsecured creditors in a case that New Pal alleges was previously a "no asset" case.

### A. Informal Proof of Claim

 New Pal maintains that a letter sent to the trustee on November 3, 1992 constituted a timely informal proof of claim which was amended by New Pal's filing of a formal proof of claim on October 13, 1993. Courts allow informal proofs of claim that can later be amended to meet the requirements of Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule" or "Rule") 3001(a) for formal proofs of claim. To constitute an informal proof of claim there must be a writing which makes a demand on the estate and/or expresses an intent to hold the estate liable for the debt. *See e.g. First American Bank & Trust v. Butler Mach. Co. (In re Haugen Constr. Services, Inc.)*, 876 F.2d 681, 682 (8th Cir.1989) (The informal proof of claim must show "an assertion of a claim against the estate and an intention by the claimant to share in its assets."); *Charter Co. v. Dioxin Claimants (In re Charter Co.)*, 876 F.2d 861, 863 (11th Cir.1989) (An informal proof of claim must state the nature and amount of the claim and "make clear the claimant's intention to hold the debtor liable for the claim."); *First Nat'l Bank v. West (In re Thompson)*, 227 F. 981, 983 (3d Cir.1915) ("Whether formal or informal, a claim must show (as the word itself implies) that a demand is made against the estate, and must show the creditor's intention to hold the estate liable."); *In re Banchik*, 115 B.R. 231, 232 (Bankr.D.Ariz.1990) (Informal proof of claim "must state an explicit demand against the estate and evidence an intent to hold debtor liable."); *In re Stern*, 70 B.R. 472, 476 (Bankr.E.D.Pa.1987) (To qualify as an informal proof of claim a writing must make a demand on the debtor's estate and show "an intent to hold the debtor liable for the debt."); *see also* 8 COLLIER ON BANKRUPTCY ¶ 3001.03 (15th ed. 1989).

New Pal's letter to the trustee did not contain a demand on the estate or any other indication of an intent to hold the debtor's estate liable. The letter to the trustee was a response to a subpoena request for documents by the trustee on October 19, 1992. The letter listed documents enclosed in response to the subpoena and advised the trustee to contact the attorney if further information was required. The documents enclosed with the letter included a promissory note from the debtors, a complaint filed in New Jersey Superior Court against the debtors, and a stipulation of settlement between the debtors and New Pal.

New Pal argues that the letter to the trustee construed with the enclosed documents show an intent to hold the estate liable for the claim. The court disagrees. It is true that the documents that were enclosed with New Pal's letter to the trustee indicated the nature and extent of New Pal's claim. The documents were, however, only sent to the trustee under the involuntary compulsion of a subpoena. The letter transmitting the documents to the trustee merely lists the enclosures. There is nothing in this involun-

tary production of documents which can fairly be construed as an expression of an intention to assert a claim against the estate. Indeed, New Pal freely admitted in its papers in opposition to the trustee's motion that it did not file a timely proof of claim because it believed that it would collect nothing in the case. The court holds that New Pal's letter to the trustee did not constitute an informal proof of claim because the letter and enclosed documents did not make a demand upon the estate or express an intent to hold the estate liable. Therefore, New Pal's formal proof of claim will not be considered an amendment to a timely informal claim.

## B. Change in the Bankruptcy Rules

 New Pal argues that the debtors listed its claim as disputed on their chapter 11 petition in bad faith, thereby necessitating that New Pal file a proof of claim in the chapter 11 case. Bankruptcy Rule 3002 was amended in 1987 to provide that "[a]n unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004 and 3005." FED. R.BANK.P. 3002(a). Under Bankruptcy Rule 1019(3) only those claims *actually* filed in a superseded chapter 11 case are deemed filed in a chapter 7 case. "Claims deemed filed in a chapter 11 case pursuant to § 1111(a) of the Code are not considered as filed in a superseding chapter 7 case. The creditor must file a claim in the superseding chapter 7 case." FED.R.BANK.P. 3002 advisory committee's note (1987). Even if the debtors had listed New Pal's claim as undisputed, thereby relieving New Pal of the requirement to file a proof of claim in the chapter 11 case, New Pal would still have had to file a proof of claim in the chapter 7 case.

New Pal also maintains that "the rules regarding filing of proofs of claims changed drastically midstream during the Debtors' bankruptcy proceedings," requiring all creditors to file a proof of claim in chapter 7 cases, and the court's notice did not advise them of these rule changes. Br. at 5. Contrary to New Pal's assertions the only rule changes that could possibly relate to New Pal's position took effect in 1987, three years prior to the filing of the debtors' chapter 11 petition and five years prior to the bar date for filing proofs of claim in the debtors' chapter 7 case. To the extent that New Pal means that it did not realize that different rules govern the filing of claims when a case is converted from chapter 11 to chapter 7, this argument has no merit. The notices clearly stated the requirements regarding filing of claims in both chapters.

## C. Failure to File Proof of Claim in No Asset Cases

 Finally, New Pal argues that it filed the proof of claim within days of a jury verdict in favor of the debtors in an unrelated civil action because it then realized that it could collect a dividend on its unsecured claim. New Pal cites no authority, however, for the proposition that a proof of claim may be filed after the bar date where the creditor mistakenly believed that the case was a no asset case.

Federal Rule of Bankruptcy Procedure 2002(e) provides:

> In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims.

FED.R.BANKR.P. 2002(e). The notice to creditors in this case did not indicate that this was a no asset case and that proof of claims need not be filed. On the contrary, the notice stated:

> FILING CLAIMS—DEADLINE TO FILE A PROOF OF CLAIM NOVEMBER 23, 1992
>
> THIS CASE IS A CONVERTED CASE ORIGINALLY FILED UNDER CHAPTER 11

The court holds that an unsecured creditor's mistaken belief that a case is a no asset case does not alter the deadline for filing a proof of claim, where the notice plainly requires the filing of a claim. This case is identical to one which was cited with approval in *In re Vertientes, Ltd.,* 845 F.2d 57 (3d Cir.1988):

In a similar case, *In re Central Equip. & Serv. Co.*, 61 B.R. 986 (Bankr.N.D.Ga. 1986), creditor corporations, counterclaiming in a suit by the debtor, moved to file a late proof of claim after the bar date. The creditors had made a deliberate decision not to file a proof of claim for their unsecured debts before the bar date because they believed they had no possibility of recovery against the estate. The court held that given the deliberate decision not to file, the creditors had not shown excusable neglect, and thus could not file a late proof of claim. We find the court's reasoning applicable in the present action.

*In re Vertientes, Ltd.*, 845 F.2d at 60. It follows that having made a deliberate decision not to file a timely proof of claim in this case, New Pal's untimely claim must be disallowed.

### CONCLUSION

The trustee's objection to New Pal's proof of claim is sustained and New Pal's claim is disallowed.

The trustee will submit an order within five days under Local Rule 4(c).