In re Gary H. GRUBB and Atleah
H. Grubb, Debtors.

Gary H. GRUBB and Atleah
H. Grubb, Movants,

v.

PITTSBURGH NATIONAL BANK, now known as PNC Bank, National Association, and Gary Gaertner, Esquire, Trustee, Respondents.

Bankruptcy No. 91–04254–JLC.
Motion No. MEB–8.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 25, 1994.

Donna M. Donaher, Pittsburgh, PA, for PNC Bank.

Gary J. Gaertner, Chapter 13 Trustee, Pittsburgh, PA.

Mary E. Bower, Pittsburgh, PA, for debtors.

### *MEMORANDUM OPINION*

JOSEPH L. COSETTI, Bankruptcy Judge.

The matter before the Court is an objection to the claim of Pittsburgh National Bank ("PNC") by Gary and Atleah Grubb ("Debtors"). For the reasons stated below the objection is sustained and the claim of PNC is disallowed.

### I. *FACTS*

The Debtors filed their petition under Chapter 13 on November 19, 1991. As of the date of the filing of the petition, the Debtors had an unsecured line of credit and possessed three vehicles, all financed with PNC Bank. The debt incurred in relation to one of these vehicles, a 1990 Cadillac Brougham, is the subject of the claim objection by the Debtors.

The bar date for filing proofs of claim was March 30, 1992. PNC received notice of this bar date along with all the other creditors. PNC filed several proofs of claim before the bar date which related to its other secured interests against the Debtors' assets. However, PNC did not file a proof of claim relating to the 1990 Cadillac at this time.

The Debtors filed a total of five Chapter 13 plans. PNC received notice of all of these plans. The Fifth Amended Plan was confirmed by this Court on August 11, 1993. Under the terms of the Fifth Amended Plan, as with each of the preceding amended plans, the Debtors agreed to voluntarily surrender their 1990 Cadillac to PNC Bank. Furthermore, all of the plans including the Fifth Amended Plan anticipated a deficiency related to the Cadillac which would be treated as a Class Four, general unsecured claim.

On February 26, 1992, one and a half years before the Debtors had their Fifth Amended Plan confirmed, PNC motioned for and was granted relief from the automatic stay for the purpose of repossessing the Debtors' 1990 Cadillac. The Debtors subsequently delivered the Cadillac to PNC. PNC sold the debtors' Cadillac on March 13, 1992, two weeks before the claims bar date, for $15,200.00. The Debtors had financed the Cadillac for $26,104.01. Therefore, a $9,524.03 deficiency remained after the sale.

PNC did not file a proof of claim for this deficiency prior to the bar date, nor did it file a notice of intention to collect on the deficiency with either the Debtors or the Chapter 13 Trustee as required by Local Bankruptcy Rule 3002.1.D. In fact, PNC did not file its proof of claim requesting payment of $9,524.03 until October 20, 1993, almost 19 months after the bar date and 18 months after PNC sold the Cadillac. The Debtors then objected to PNC's claim.

### II. *DISCUSSION*

The Debtors have objected to PNC's claim on three grounds: (1) PNC accepted the Cadillac as collateral in discharge of the obligation; (2) the claim was time barred pursuant to F.R.B.P. 3002(c) and (3) by Local Rule 3002.1.D.

All five Chapter 13 Plans filed by the Debtors contained identical language which provided as follows:

The property to be surrendered, which is a 1990 Cadillac Brougham, has an auction value of $13,250.00 When the car is sold, the proceeds will be applied to the debt owed to PNB and will reduce the Class 4 claims by at least $10,000.00.

The language clearly sets forth the nature of the obligation and that the Debtors' debt of $26,104.01 would be *reduced* by at least $13,250.00 with an anticipated deficiency and not be discharged. Therefore, the Debtors' assertion that PNC's acceptance of the Cadillac resulted in a full discharge of the obligation is without merit.

PNC does not deny that its proof of claim filed on October 20, 1993, was tardy with respect to the claims bar date. However, PNC contends that tardiness, in and of itself, is not a recognized basis for disallowance of a late filed claim under 11 U.S.C. § 502. PNC further argues that, although untimely, its claim is still an "allowed" claim and its treatment (as timely or untimely) is determined by the provisions of the confirmed Chapter 13 Plan. In the alternative, PNC argues that its late proof of claim should be treated as an amendment to the informal claim filed by PNC in the form of both its Motion for Relief from stay in January of 1992 and the Debtors' Chapter 13 Plan.

## A. *Allowance*

■ PNC relies on an *en banc* decision from the bankruptcy court of Minnesota, *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn. 1992), for the proposition that although its claim was filed well after the bar date, it should still be allowed. In *Hausladen*, several creditors filed proofs of claim after the claims bar date set by the bankruptcy court. The Chapter 13 trustee objected to the allow-

ance of those claims on the basis of their late filing.

The court in *Hausladen* concluded that Congress did not intend to include tardiness as a grounds for disallowance of claims. Instead, the *Hausladen* court asserted that the timeliness of a claim relates only to the claim's priority.

The *Hausladen* court reasoned that there was an inherent conflict between the time bar in F.R.B.P. 3002[1] and 11 U.S.C. § 502[2] and that the only grounds for disallowance of claims are contained in § 502. The *Hausladen* court focused on the use of the word "except" contained in § 502(b) and stated that if an objection to a claim is made, the court must allow the claim except to the extent that the objection fits into one of the eight enumerated exceptions, none of which includes untimeliness. *Hausladen*, 146 B.R. at 559. Thus, the court concluded that a claim may not be disallowed for lateness alone. *Id.*

The *Hausladen* court also examined the legislative history and concluded that the current practice of disallowing late filed claims is the direct result of improperly carrying over pre-code law into present practice. *Id.* According to the *Hausladen* court, the drafters of F.R.B.P. 3002 hastily copied the substance of the old Bankruptcy Act while ignoring a significant change in the underlying statute (i.e. the omission of language that untimely filed claims "shall not be allowed"). *Id.* Thus, the court in *Hausladen* stated that F.R.B.P. 3002 was mistakenly drafted without reflecting Congress' express intent to allow for tardily filed claims. *Id.* at 560.

However, this court agrees with the court in *In re Messics*, 159 B.R. 803, (Bankr. N.D.Ohio 1993), when it asserted that "it seems anomalous to suppose that Congress

---

1. RULE 3002. *FILING PROOF OF CLAIM OR INTEREST*

(a) *Necessity for Filing*. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be *allowed* (emphasis added) ...

(c) *Time for Filing*. In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment or chapter 13 individuals debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the

meeting of creditors called pursuant to § 341(a) of the Code, ...

2. 11 U.S.C. § 502. *ALLOWANCE OF CLAIMS OR INTERESTS*

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.

(b) ... if such objection to a claim is made, the court, after notice and a hearing ... shall allow such claim ... *except* to the extent that—

would have made such a radical change from prior bankruptcy practice without some indication that this was its intent." *Messics* at 809. It further seems odd that the draftsmen of the Rules would have failed to detect such a change, had it been intended by Congress. *Id.* In *Dewsnup v. Timm*, —— U.S. ——, ——, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992) (citations omitted), the Supreme Court stated:

> [w]hen Congress amends the bankruptcy laws, it does not write "on a clean slate." Furthermore, this Court has been reluctant to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history.

The *Hausladen* court asserted that its interpretation of § 502 resolved what it perceived as a conflict with F.R.B.P. 3002. Although the court recognized that F.R.B.P. 3002 implies that filing within the prescribed 90–day period is a prerequisite to allowance, it stated that the rule does not explicitly require filing. Consequently, the court concluded that reading F.R.B.P. 3002 to require filing within the 90–day period is erroneous. *Hausladen*, 146 B.R. at 559.

It was further held that the time deadlines established by F.R.B.P. 3002(c) merely affect the treatment of a tardily filed claim under a Chapter 13 debtor's plan and not its allowability. *Id.* at 560. In support of this conclusion reference is made to § 726 of the Code which provides for the payment of tardily filed claims in a Chapter 7 case.[3] Consequently, the court concluded that courts should allow tardily filed claims and then look to the Chapter 13 Plan to determine the treatment of such claims. *Id.*

Since the *Hausladen* court rendered its opinion in 1992, a number of courts from other jurisdictions have analyzed its interpretation of § 502.[4] Upon review of these cases, the statute and legislative history, this court respectfully declines to follow the rationale set forth in *Hausladen.*

By insisting that 11 U.S.C. § 502(b) and F.R.B.P. 3002(c) are independent, the *Hausladen* court perceives a conflict where none exists. Instead, this court concludes that the approach set forth in *In re Zimmerman*, 156 B.R. 192 (Bankr.W.D.Mich.1993), is more persuasive. The *Zimmerman* court held that late claims in Chapter 13 cases do not have to be allowed since F.R.B.P. 3002 imposes a bar date.

Two distinct issues arise in the *Zimmerman* case: (1) the circumstances under which a proof of claim may be filed and (2) whether a filed proof of claim will be deemed allowed. Section 501 governs the filing of proofs of claim while § 502 governs the allowance of those claims. Section 501, in pertinent part, provides:

> (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
>
> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

11 U.S.C. § 501(b), (c).

Although they are independent sections of the Bankruptcy Code, §§ 501 and 502 "work conjunctively with the Federal Rules of Bankruptcy Procedure to define the claims 'allowed' and thus subject to payment from the estate." *In re Johnson*, 156 B.R. 557, 558 (Bankr.N.D.Ill.1993). Section 502, which

---

**3.** While acknowledging that § 726 applies only to Chapter 7 cases, the *Hausladen* court contends that it illustrates the principal that the timeliness of a claim is relevant only for the purposes of treatment and not allowance. The court cited to no authority to support its conclusion which might have some merit in Chapter 7 cases but ignores the fact that Chapter 13 Plans do not incorporate the distribution scheme recognized in liquidations.

**4.** *See e.g., accord, In re Corporacion de Servicios Medico–Hospitalarios de Fajardo, Inc.*, 149 B.R. 746 (Bankr.D.P.R.1993); *In re Rago*, 149 B.R. 882 (Bankr.N.D.Ill.1992); *In re Judkins*, 151 B.R. 553 (Bankr.D.Colo.1993); *but see, In re Zimmerman*, 156 B.R. 192 (Bankr.W.D.Mich. 1993); *In re Johnson*, 156 B.R. 557 (Bankr. N.D.Ill.1993); *In re Messics*, 159 B.R. 803 (Bankr.N.D.Ohio 1993); *In re Chavis*, 160 B.R. 804 (Bankr.S.D.Ohio 1993); *In re Stoiber*, 160 B.R. 307 (Bankr.N.D.Ohio 1993); *In re Bailey*, 151 B.R. 28 (Bankr.N.D.N.Y.1993).

illustrates the interaction between these two sections, provides that "a claim or interest, **proof of which is filed under Section 501 of this title, is deemed allowed.**" 11 U.S.C. § 502(a) (emphasis added). Accordingly, § 502 allows a claim only to the extent that it is filed in compliance with § 501.

Although 11 U.S.C. § 501 permits a creditor to file a proof of claim, it fails to set forth time limitations or procedures for filing proofs of claim. The legislative history of 11 U.S.C. § 501 clarifies that it was Congress' intent that the Federal Rules of Bankruptcy Procedure would address those issues.[5]

■ The applicable rule, F.R.B.P. 3002(a), provides that an unsecured creditor must file a proof of claim in order for the claim to be allowed, with certain exceptions. F.R.B.P. 3002(c) provides that "a proof of claim **shall** be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341...." (emphasis added). While F.R.B.P. 3002 does not explicitly bar claims filed after 90 days, the use of the word "shall" indicates that timely filing is a prerequisite to allowance. *Zimmerman*, 156 B.R. at 198; *see also, In re Bailey*, 151 B.R. 28, 31, fn. 2 (Bankr.N.D.N.Y.1993) (F.R.B.P. 3002(a) "emphatically requires the filing of a proof of claim within the period prescribed under F.R.B.P. 3002(c) as a condition precedent to allowance").[6]

Once a claim is properly filed pursuant to § 501 and F.R.B.P. 3002(c), the substance of the claim is considered under § 502. This Court finds the reasoning of the *Zimmerman* court to be persuasive in its conclusion that:

[t]he relationship between § 502 and F.R.B.P. 3002 evidences this substantive/procedural balancing. The enumerat-ed grounds for denying allowance of a claim under § 502(b) are addressed to what has typically been considered substantive matters. By contrast, F.R.B.P. 3002 concerns itself with the procedure which must be followed in filing a claim. It is concerned with the time and place of filing but is silent as to the substantive aspects of the claim. This complementary interpretation of § 502 and F.R.B.P. 3002 is mandated by the presumption that the drafters of the rules did not intend to nor did they make substantive law when F.R.B.P. 3002 was enacted.

156 B.R. at 197. Thus, "even if the claim is meritorious, it may, under appropriate circumstances, not attain the status of 'allowed' because it is procedurally defective." *In re Chavis*, 160 B.R. 804, 807 (Bankr.S.D.Ohio 1993).

■ Several important policy considerations that arise in the context of Chapter 13 cases also strongly support the necessity of a time bar for filing proofs of claim in bankruptcy reorganizations. *See Zimmerman*, 156 B.R. at 199. Whereas the goal in a Chapter 7 liquidation is prompt closure and distribution of the debtor's estate, the aim of a Chapter 13 reorganization, is to rehabilitate the debtor. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993) *citing U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983).

As the court noted in *In re Messics*, 159 B.R. 803, 809 (Bankr.N.D.Ohio 1993):

The amount a chapter 13 debtor can devote to a plan is a function not only of his projected available income but of the type

---

**5.** The House and Senate reports provide:

The Rules of Bankruptcy Procedure and practice under the law will guide creditors as to when filing is necessary and when it may be dispensed with. In general, however, unless a claim is listed in a chapter 9 or chapter 11 case and allowed as a result of the list, **a proof of claim will be a prerequisite to the allowance for unsecured claims. * * * The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed.**

H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977), *reprinted in,* 1978 U.S.Code Cong. & Admin.News 5963, 6307; S.Rep. No. 989, 95th Cong., 2d Sess. 61, *reprinted in,* 1978 U.S.Code Cong. & Admin.News 5787, 5847 (emphasis added).

**6.** As previously discussed, the *Hausladen* court stated that Rules 3002(a) and 3002(c), when read together, do not explicitly require that filing within the prescribed period is a prerequisite to allowance. *Hausladen*, 146 B.R. at 559. This Court respectfully disagrees with this interpretation.

and amount of claims against him. Both the debtor and creditors who might otherwise object to the plan must be able to determine how much will be received and how much must be paid under the plan.

Accordingly, without setting bar dates for allowance of claims, a reorganization plan cannot be realistically formulated or efficiently administered. Furthermore, creditors would not be able to rely upon the dividend percentage which they bargained for in formulating a plan. *See Zimmerman*, 156 B.R. at 199.

■ Section 502(b)(1) provides for the allowance of a claim unless it is unenforceable against the debtor, under any agreement or *applicable law* for any reason other than because it is contingent or unmatured. In this case, reference to "applicable law" applies not only to F.R.B.P. 3002 which sets a bar date but also to Local Bankruptcy Rule 3002.1.D which provides:

RULE 3002.1. *CLAIMS IN CHAPTER 13 CASES—*

D. No deficiency shall be paid in a Chapter 13 case to a creditor following the consensual relinquishment of collateral, unless the creditor files a notice of intention to collect the deficiency within 30 days of the effective date of the surrender. Copies of such notices must be served on the debtor and the trustee.

■ The Local Rules are promulgated pursuant to F.R.B.P. 9029 "primarily to promote the efficiency of the enacting court." *In re Wilson*, 31 B.R. 392, 394 (Bankr. S.D.Cal.1983). F.R.B.P. 9029 authorizes district courts to make and amend rules governing practice and procedure in their bankruptcy jurisdiction "which are not inconsistent with [the Bankruptcy Rules]." When a district court acts under F.R.B.P. 9029 to promulgate local bankruptcy rules, such measures carry the weight of a court order.

■ In the present case, the existence of a relevant local rule is significant.[7] Local Rule

3002.1.D, which requires the creditor to notify the debtor and trustee of its intention to collect a deficiency no later than 30 days after the collateral is surrendered, reflects a significant state interest. Local Rule 3002.-1.D was adopted to establish a procedure for the efficient administration of cases under the Code, and more particularly, to promote swift definition of the amount of debt that must be addressed in the plan. The allowance of tardily filed claims is in direct conflict with that state interest.

■ PNC has admitted that it received notice of the March 30, 1992, claims bar date set by this Court. PNC not only filed three other proofs of claim in a timely fashion, but also requested and received relief from stay prior to the claims bar date in order to repossess and sell the Cadillac. Nevertheless, PNC did not file its proof of claim for the deficiency until October 20, 1993, despite the requirements of Local Rule 3002.1.D and F.R.B.P. 3002. Having determined that F.R.B.P. 3002 and Local Rule 3002.1.D set forth time requirements that cannot be ignored, this court concludes that PNC's tardily filed proof of claim is disallowed.

**B.  *Informal Proof of Claim***

■ PNC argues, in the alternative, that, should the court find that its claim is time-barred, the court should treat its claim as an amendment to its informal claim filed in the form of both its Motion for Relief from stay and the Debtors' Chapter 13 Plan.

■ The informal proof of claim doctrine has generally been recognized in the bankruptcy context. *See In re Wilbert Winks Farm, Inc.*, 114 B.R. 95, 97 (Bankr. E.D.Pa.1990); *In re Clark*, 96 B.R. 569, 573 (Bankr.E.D.Pa.1989); and *In re Stern*, 70 B.R. 472, 476 (Bankr.E.D.Pa.1987). To qualify as an informal proof of claim, the filing must be in the form of a pleading filed in the bankruptcy court which shows "that a demand is made against the estate" and "the creditor's intention to hold the estate liable."

---

7. It is interesting to note that in concluding that the "allowance of tardily filed claims clearly does not contravene the intent of the framers of the Code," the court in *Hausladen* also relied on the fact that there was no local rule which addressed the allowance of claims. The *Hausladen* court stated that "allowing tardily filed claims does not conflict with ... any important state or federal interest." *Id.* at 560.

*Wilbert Winks*, 114 B.R. at 97 (quoting *In re Thompson*, 227 F. 981, 983 (3d Cir.1915)). This court believes that it generally must recognize the validity of informal proofs of claim in so far as they comply with the above standard articulated by the Court of Appeals for the Third Circuit in *Thompson.*

This court concludes, however, that the informal proof of claim doctrine does not apply in this case. PNC asserts that its Motion and the Chapter 13 Plan both stated the nature and amount of the debt owed to PNC on the Cadillac, and further evidenced PNC's intent to hold the Debtors' liable. Therefore, PNC contends that these two pleadings of record constitute informal proofs of claim which were subject to being formalized at a later date.

This court finds that PNC's contention that the Debtors' Chapter 13 Plan qualifies as an informal proof of claim is without merit. The court notes that the decision on which PNC relies for this proposition, *In re Babbin,* 156 B.R. 838 (Bankr.D.Colo.1993), was *reversed in part* by *In re Babbin,* 160 B.R. 848 (D.Colo.1993).

In reversing the bankruptcy court, the district court held that a Chapter 13 plan cannot serve as an informal proof of claim for unsecured claim for which no proof of claim was timely filed. The district court noted that "[O]nly a debtor may file a Chapter 13 Plan. 11 U.S.C. § 1321.... Because a Chapter 13 Plan does not include a demand by a creditor, it cannot serve as an informal proof of claim...." *Id.* at 850.

█ This court also finds that the informal proof of claim doctrine does not apply to PNC's Motion for Relief. Even if this court were to find that PNC's Motion for Relief constituted an informal proof of claim, PNC would still not be able to overcome its failure to comply with the requirements of Local Rule 3002.1.D which obliged PNC to file a notice of its intention to collect a deficiency on the Cadillac. Because local rules reflect important policy considerations and are equivalent to court orders in that compliance is required, the requirements of Local Rule 3002.1.D cannot be defeated by the application of the informal proof of claim doctrine.

█ This court further concludes that, even if there was no controlling local rule, PNC's Motion for Relief would still not be recognized as an informal proof of claim. The category of informal proofs of claim has developed because bankruptcy courts are courts of equity, and thus, must assure that "substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done." *In re Harper,* 138 B.R. 229, 237 (Bankr.N.D.Ind. 1991), citing *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). Furthermore, in *Pioneer,* the Supreme Court stated that "the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interest of the affected parties, guided by the overriding goal of ensuring the success of the reorganization." *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1495 (citing *N.L.R.B. v. Bildisco and Bildisco,* 465 U.S. 513, 527–528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984)).

In this case, the equites of the situation do not warrant recognizing PNC's Motion for Relief as an informal proof of claim. PNC was intimately familiar with and actively engaged in the Debtors' case. As previously mentioned, PNC received notice of the claims bar date and filed three other proofs of claim in conjunction with the Debtors' Chapter 13 reorganization. Moreover, when PNC filed its Motion for Relief to repossess and sell the Cadillac, it anticipated a deficiency. However, PNC failed to file its proof of claim for the deficiency for almost 19 months.

█ PNC has not alleged any facts which support a finding of "excusable neglect." *See generally, Pioneer,* —— U.S. ——, 113 S.Ct. 1489. (1993) (establishing excusable neglect standard for allowance of tardily filed proofs of claim). In determining what sorts of neglect will be considered "excusable," the Supreme Court stated:

... the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission ... [including] the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, in-

cluding whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer,* —— U.S. at ——, 113 S.Ct. at 1498 (footnotes omitted).

Although the Motion for Relief constituted a demand against the Debtors' estate and reflected an intention to hold the estate liable by stating that the Debtors "are indebted to [PNC] in the amount of $26,104.01," PNC's failure to file a formal proof of claim is nevertheless inexcusable.

PNC has not provided this court with a single reason that would justify a finding that its failure to file should be excused. Furthermore, permitting PNC's late filed claim at this late date would prejudice the bankruptcy process.

PNC is a sophisticated creditor. In addition, PNC has considerable experience and familiarity with bankruptcy practice and procedures and cannot claim the treatment due an unsophisticated creditor. As the court in *In re Auto Specialties Mfg. Co.,* 133 B.R. 384 (Bankr.W.D.Mich.1991) stated, "When attorneys practice in the bankruptcy court they are charged with a knowledge of the Federal Rules of Bankruptcy Procedure and the local rules of the court which govern any particular proceeding." *Id.* at 392.

Having determined that the Debtors' Chapter 13 Plan cannot qualify as an informal proof of claim, that PNC cannot overcome its failure to comply with the requirements of Local Rule 3002.1.D, and that the equities of the situation do not favor PNC, this court finds that PNC's late filed claim cannot not be treated as an amendment to its informal claim filed in the form of its Motion for Relief.

### III. *CONCLUSION*

For the reasons expressed above, the claim of PNC shall be disallowed on the basis that it was not timely filed pursuant to F.R.B.P. 3002 and Local Rule 3002.1.D. Additionally, the pleadings filed of record do not constitute an informal proof of claim in this case.

An appropriate order shall follow.

### ORDER OF COURT

AND NOW, on this 25 day of July, 1994, for the reasons expressed in the Memorandum Opinion dated the same, it is hereby ORDERED, ADJUDGED and DECREED that the proof of claim filed by PNC on October 20, 1993, in the amount of $9,524.03 is denied.