**In re Joseph P. PETRUCCI, Debtor.**

**No. 97–54796 (SAS).**

United States Bankruptcy Court,
D. New Jersey.

Jan. 8, 2001.

Edward A. Dreskin, Dreskin and Dreskin, P.C., Newark, NJ, for T.A. Title Insurance Co.

John F. Bracaglia, Cohn, Bracaglia & Gropper, P.C., Somerville, NJ, for Trustee.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on the motion of creditor T.A. Title Insurance Company, ("T.A. Title") to allow the filing of a tardy claim. The chapter 7 trustee objects. This court has jurisdiction under 28 U.S.C. §§ 151, 157(a), and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). For the reasons that follow, the court concludes that the complaint filed by T.A. Title is a timely informal proof of claim, and the motion is therefore granted.

### FINDINGS OF FACT

On August 15, 1996, T.A. Title sued Joseph Petrucci ("the debtor") and Theresa Petrucci in the Superior Court of New Jersey for money damages. T.A. Title, which in 1993 insured a second mortgage on the debtor's home, claims that the debtor and Ms. Petrucci, his spouse, perpetrated a fraud upon T.A. Title which induced it to insure a second mortgage on the property. It appears that there was an undisclosed mortgage which took priority over the mortgage which T.A. Title was insuring. When the undisclosed mortgagee foreclosed, T.A. Title paid off that mortgage in the amount of $58,970.99 and received an assignment of the mortgage in-

debtedness. Apparently no judgment has been entered in the state court.

The debtor filed a petition for relief under chapter 7 of title 11, United States Code ("the Bankruptcy Code") on December 23, 1997. A Notice of Commencement of Case, issued on December 30, 1997, states that: 1) the deadline to file a complaint to determine dischargeability is April 6, 1998 and 2) unsecured creditors are not to file a proof of claim until the court notifies them to do so because debtor had no assets from which to pay such debts. T.A. Title never filed a formal proof of claim. Pursuant to that notice, however, T.A. Title timely filed an adversary proceeding complaint on February 26, 1998, for a determination of nondischargeability of its debt. Based upon the discovery of assets, the court sent a second notice entitled "Notice of Assets and Deadline to File Proof of Claim" dated March 23, 1998. This notice was sent to T.A. Title at 105 S. High St., West Chester, PA, 19382. It indicated that the last day for filing proofs of claims was June 22, 1998.

T.A. Title advances two arguments. First it argues that its complaint is a timely informal proof of claim. Second, it argues that the doctrine of excusable neglect allows it to file a late claim. T.A. Title states that the first time it learned of the Notice of Assets dated March 23 was on October 11, 2000.

The trustee for the now-deceased debtor counters that T.A. Title was served with the Notice of Assets at the address listed on schedule F of the petition and on the matrix. If this address changed, T.A. Title had the responsibility to arrange for forwarding of its mail to a new address. The trustee's response to the creditor's request to allow filing of a tardy proof of claim is that Bankruptcy Code section 726(a)(2)(C)(i) does not allow distribution to T.A. Title because the creditor received notice of the bar date and had actual knowledge of the case, but failed to file a timely proof of claim. The trustee argues that the adversary complaint does not qualify as an informal proof of claim because its primary purpose was not to hold the estate liable, and the trustee never received a copy of the complaint until this motion was filed. The trustee argues that the claim should be disallowed because allowance of the claim will harm the other creditors in that their distributions will decrease from 84.5% to 7.22%. The trustee did not directly address the excusable neglect doctrine.

## CONCLUSIONS OF LAW

### I.

In a chapter 7 case, a proof of claim must be filed with the court for the claim to be allowed. 11 U.S.C. §§ 501, 726(a); FED.R.BANKR.P. 3002.

■■■ The first issue is whether T.A. Title's adversary complaint constitutes an informal proof of claim. The elements of a valid informal proof of claim are: 1) it must be in writing, 2) it must contain a demand by the creditor on the estate, 3) it must express an intent to hold the debtor liable for the debt, 4) it must be filed with the bankruptcy court, and 5) allowance of an informal proof of claim is equitable based on the facts of the case. 9 COLLIER ON BANKRUPTCY at ¶ 3001.05[2] (Lawrence P. King, ed. 15th revised ed., 2000); 2 WILLIAM L. NORTON JR., NORTON BANKR.L. & PRAC.2D § 41:17 (Norton ed.2000). The cases decided within the Third Circuit require all five elements to be met. *See In re Penn State Clothing Corp.,* 205 B.R. 62, 64–65 (Bankr.E.D.Pa.1997) (citing *In re Dauer,* 165 B.R. 146, 147 (Bankr.D.N.J. 1994)); *Grubb v. Pittsburgh Nat'l Bank,* 169 B.R. 341, 347–48 (Bankr.W.D.Pa.1994); *In re Claremont Towers Co.,* 175 B.R. 157, 165–66 (Bankr.D.N.J.1994); *Wilbert Winks Farm, Inc.,* 114 B.R. 95, 97 (Bankr. E.D.Pa.1990); *In re Thompson,* 227 F. 981, 983 (3d Cir.1915). *See also In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 815 (9th Cir.1985). The writings that have been found to be valid informal proofs of claims include a creditor's filing of an in-

voluntary petition (*Wilbert Winks*, 114 B.R. 95) and fee applications filed by chapter 11 professionals after the case was converted to chapter 7 (*Penn State Clothing*, 205 B.R. 62). *Compare In re Dauer*, 165 B.R. 146 (creditor's response to chapter 7 trustee's subpoena did not qualify as an informal proof of claim because the responsive letter did not express a demand to hold debtor's estate liable), and *In re Grubb*, 169 B.R. 341, 349 (where the court held, inter alia, that creditor's motion for relief did not qualify as an informal proof of claim because, although the motion did make the requisite demands, creditor's failure to file a formal proof of claim was inexcusable and the late filing would result in prejudice to the bankruptcy process). At least one court has held that a timely nondischargeability complaint meets the elements for a valid informal proof of claim. *See In re Boehm*, 252 B.R. 576 (Bankr.M.D.Fla.2000). *See* 9 COLLIER ON BANKRUPTCY, ¶ 3001.05[1], at 3001–12 for other papers which have been held to be informal proofs of claim.

■ The adversary complaint in this case meets all elements of a valid informal proof of claim. First, the complaint is in writing. Second, the "wherefore" clause of the complaint requests in part that the court "adjudge and decree ... [t]he extent and validity of plaintiff's claim...." The court holds that that language is sufficiently broad to be construed as a demand by the creditor on the estate. Third, the adversary complaint, along with a filed Superior Court complaint incorporated by reference in the adversary complaint and attached to it, contains a demand against the debtor. Fourth, the complaint was filed with the court. And fifth, as to whether allowance of an informal claim is equitable, the court notes the following. The trustee argues that since the debtor has died, he is prejudiced in seeking expungement of the claim. The trustee can use the testimony of Ms. Petrucci, however, who was co-borrower with the debtor in the transaction at issue, and such other evidence as may indicate that the claim is without merit. Moreover, T.A. Title has the ultimate burden of proving the claim. The trustee also argues that he wasn't served with the complaint. Service on the trustee is not, however, one of the elements of an informal proof of claim. The trustee does not claim any prejudice to administration other than the evidentiary issue previously addressed. As for the trustee's argument that the dividend to other creditors will be less if this claim is allowed, the trustee offers no evidence of any detrimental reliance by other creditors on receipt of a particular percentage. In addition, if T.A. Title's claim is valid, it would be a windfall to the other creditors to deny the claim. For these reasons, allowance of an informal proof of claim is equitable in this case. Thus, the court holds that T.A. Title's adversary complaint, which was timely filed pursuant to the Notice of Commencement of Case and before the bar date contained in the Notice of Assets, serves as a timely informal proof of claim.

■ An amendment to a valid informal proof of claim is a prerequisite for a creditor's participation in distribution. 9 COLLIER ON BANKRUPTCY ¶ 3001.05[4]. Amendments can serve to correct defects, provide more particularity of facts, or make a formal proof of claim. *In re Jones*, 238 B.R. 338, 343 (Bankr.W.D.Mich.1999), *Aff'd U.S. v. Jones*, 2000 WL 1175717 (W.D.Mich. June 28, 2000); *Sambo's*, 754 F.2d at 816–17. Amendments are to conform with the requirements in Rule 3001(a). 9 COLLIER ON BANKRUPTCY, ¶ 3001.05[4] at 9:3001–15. Rule 3001(a) explains that a proof of claim is a written statement setting forth a claim and that it "shall conform substantially to the appropriate Official Form." *Id.* T.A. Title shall therefore file a formal proof of claim conforming to Official Form 10 to supplement the informal proof of claim.

## II.

■ T.A. Title argues in the alternative that it should be permitted to file a tardy proof of claim under the doctrine of excus-

able neglect. The time for filing claims in chapter 7 and 13 cases is governed by Federal Rule of Bankruptcy Procedure 3002(c). Enlargement of time to file proofs of claim under Rule 3002(c) is limited by Federal Rule of Bankruptcy Procedure 9006(b)(1) and (3) to the extent and under the conditions stated in Rule 3002(c). Under these rules, excusable neglect is not a basis for the filing of tardy claims in chapter 7 cases. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 389, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993); *Matter of De Vries Grain & Fertilizer, Inc.*, 12 F.3d 101, 105 (7th Cir.1993).

### CONCLUSION

For the foregoing reasons, T.A. Title's adversary complaint is deemed a timely informal proof of claim. It shall file and serve a formal proof of claim on Official Form 10 within ten days of entry of an order. The order is to be filed within seven days.