

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2005

# In Re: Amer Classic

Precedential or Non-Precedential: Precedential

Docket No. 03-3944

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Amer Classic " (2005). *2005 Decisions.* Paper 1268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

––––––

No. 03-3944

––––––

IN RE: AMERICAN CLASSIC VOYAGES CO.,
Debtor

SCOTT HEFTA

v.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS;
AMERICAN CLASSIC VOYAGES, CO.

(D.C. Civil No. 02-01684)

IN RE: AMERICAN CLASSIC VOYAGES CO., a Delaware
Corporation, f/k/a Delta Queen Steamboat, Co.,
Debtor

SCOTT HEFTA

v.

AMERICAN CLASSIC VOYAGES CO., f/k/a Delta Queen
Steamboat Co.

(D.C. Civil No. 03-cv-00112)

SCOTT HEFTA,

Appellant

———

On Appeal from the United States District Court
for the District of Delaware
District Judge: Honorable Joseph Farnan, Jr.

———

Submitted September 28, 2004
Before: RENDELL, FUENTES, and SMITH, Circuit Judges.

(Filed: April 27, 2005)

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

Petitioner Scott Hefta, a seaman, sustained serious injuries while employed aboard a steamboat owned by his employer. His attorney sent the employer a letter to put it on notice of a claim relating to Hefta's accident. Shortly

thereafter, the employer filed for bankruptcy. Hefta's attorney wrote the court-appointed claims agent informing it that his client was injured and "[had] a claim against the debtor." While the letter also requested a claim form, Hefta did not file a formal claim prior to the court-established bar date.[1] The issues in this case require us to clarify the requirements for an informal proof of claim in bankruptcy. We conclude that Hefta's letter was insufficient to constitute a properly filed claim and that his failure to file a timely proof of claim did not result from excusable neglect. We will affirm the judgment of the District Court.

## I. Facts and Procedural History

Scott Hefta, a Jones Act Seaman,[2] was injured in the course of his employment at the Delta Queen riverboat on June 28, 2000. The vessel was owned and operated by American Classic and/or its subsidiary Delta Queen Steamboat Company ("American Classic" or "Debtors"). Hefta reported the injury to American Classic the next day.

---

[1]Federal Rule of Bankruptcy Procedure 3001(c)(3) provides that, in Chapter 11 proceedings, a bankruptcy court "shall fix . . . the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3001(c)(3). The deadline in a given proceeding is referred to as the "bar date."

[2]See 46 App. U.S.C. § 688 ("Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law.").

Thereafter, counsel for Hefta sent American Classic a letter dated June 15, 2001 to advise it of Hefta's claim. Hefta's employer acknowledged receipt of the letter on July 19, 2001.

Then, in October 2001, American Classic filed for Chapter 11 Bankruptcy in the United States District Court for the District of Delaware. The Debtors cancelled almost all of their scheduled passenger cruises, resulting in approximately 18,000 claims for deposits on cancelled cruises. Several hundred personal injury plaintiffs have also filed claims against Debtors.

Counsel for Hefta received a notification of Debtors' bankruptcy that directed creditors to file proofs of claim with the appointed claims agent, Logan & Company ("Logan"). On February 7, 2002, Hefta's counsel wrote Logan, stating that Hefta "worked on the S/S DELTA QUEEN and was injured on June 29, 2000.[3] He has a claim against the debtor." Hefta's letter also requested a "Proof of Claim" form and inquired whether Debtors had insurance coverage for Hefta's injury.

On March 18, 2002, the Bankruptcy Court entered an order setting a claims bar date for April 30, 2002 (the "Bar Date"). Logan sent Hefta and his attorney a notice of the Bar Date, together with a proof of claim form, on March 27, 2002. Failing to appreciate the significance of that notice, neither

---

[3]The briefs on appeal refer to Hefta's injury as having occurred on June 28, 2000.

4

Hefta nor his attorney filed the proof of claim form prior to the Bar Date.

Instead, Hefta filed a Motion for Relief from Automatic Stay with the Bankruptcy Court on August 1, 2002. The next day, counsel for Hefta received via fax an objection to that Motion on the grounds that the Bar Date had passed. Hefta's counsel claims that only then did he realize that the Bar Date had passed. On August 18, 2002, Hefta's counsel filed a Motion for Enlargement of Time to File Proof of Claim seeking an extension for "excusable neglect" under Federal Bankruptcy Rule of Procedure 9006(b)(1). Hefta's counsel subsequently also argued to the Bankruptcy Court that his February 7, 2002 letter constituted an informal proof of claim. The Bankruptcy Court denied both motions initially and upon reconsideration. The District Court affirmed each of those orders.

## II. Jurisdiction and Standard of Review

The bankruptcy court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334. The district court had appellate jurisdiction over the final order of the bankruptcy court pursuant to 28 U.S.C. § 158(a). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d), and 1291. "In reviewing the decision of the Bankruptcy Court, we exercise the same standard of review as the District Court, that is, we review the bankruptcy court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof." See Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.), 188 F.3d 116, 122 (3d Cir.

5

1999).  Thus, we review de novo the question of law as to whether Hefta's February 7, 2002 letter constituted an informal proof of claim, and we review the Bankruptcy Court's determination regarding the existence of excusable neglect for abuse of discretion.  See Anderson-Walker Indus., Inc. v. Lafayette Metals, Inc. (In re Anderson-Walker Indus., Inc.), 798 F.2d 1285, 1287 (9th Cir. 1986) (informal proof of claim issue); Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d Cir. 2000) (excusable neglect issue).

### III. Informal Proof of Claim

Hefta's primary argument is that his February 7, 2002 letter to the court-appointed claims agent was an informal proof of claim properly filed prior to the Bar Date.  Specifically, he contends that the current law of this Court does not require a formal pleading or that the proof of claim be sent to a court.  Debtors respond that bankruptcy law almost universally recognizes certain pleading and proof requirements for a properly filed proof of claim, which Hefta did not meet, and that, in any event, Hefta's letter was too vague to actually put Debtors on notice of Hefta's claim.

We addressed the requirements for a proof of claim for the first time nearly one hundred years ago in First Nat'l Bank of Woodbury v. West (In re Thompson), 227 F. 981 (3d Cir. 1915).  In Thompson, the issue was whether a letter from a bank to the receiver in bankruptcy, stating that the debtor was indebted to the bank for $20,000, was insufficient to constitute a valid proof of claim.  The Court observed that the letter "was a mere statement that the bank was a creditor" and

6

that, in any event, "no claim could then have been made" against the bankrupt estate because "the estate had not yet come into being."  Id. at 984.  Accordingly, the Court refused to permit a late claim and held that the allegedly timely letter from a creditor did not qualify as a proof of claim.  The Court specifically noted that the bank's letter did not meet the requirements of even an "informal proof of claim" because the letter failed to state "a demand . . . against the estate, and [failed to show] the creditor's intention to hold the estate liable."  Id. at 983.  Those requirements for a proof of claim have remained constant over the decades.

In more recent times, a number of Courts of Appeals have elaborated on the requirements for a proof of claim in the bankruptcy context and have adopted a slightly more exacting five-part test.  See Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.), 227 F.3d 604, 609 (6th Cir. 2000); Nikoloutsos v. Nikoloutsos (In re Nikoloutsos), 199 F.3d 233, 236 (5th Cir. 2000); Clark v. Valley Fed. Sav. & Loan Ass'n. (In re Reliance Equities, Inc.), 966 F.2d 1338, 1345 (10th Cir. 1992).  Under the five-part test, a document will qualify as an informal proof of claim in bankruptcy only if it is in writing, contains a demand by the creditor on the bankruptcy estate, expresses an intent to hold the debtor liable for the debt, and the document is filed with the bankruptcy court.[4]  See M.J. Waterman, 227 F.3d at 609.  If a document meets those four requirements, the

_____

[4]*But* see infra note 4, citing exceptions contained in Bankruptcy Rule of Procedure Rule 5005(c).

7

bankruptcy court must determine whether, given the particular surrounding facts of the case, it would be equitable to treat the document as a proof of claim. Id. Courts within our circuit have already applied that five-part test. See, e.g., Agassi v. Planet Hollywood Int'l, Inc., 269 B.R. 543, 550 (D. Del. 2001); In re Petrucci, 256 B.R. 704, 706 (Bankr. D.N.J. 2001).

Petitioner argues that the five-factor test is inconsistent with Thompson. We disagree. In Thompson we pointed out two deficiencies but did not purport to establish a comprehensive test. We stated only that "[w]hether formal or informal, a claim must show (as the word itself implies) that a demand is made against the estate, and must show the creditor's intention to hold the estate liable." Thompson, 227 F. at 983. The facts of that case did not require the Court to explain precisely what constitutes a demand. While we note that the five-part test enumerates several factors in addition to those identified in Thompson, it is entirely consistent with the holding in that case, and, we believe, it more accurately identifies the requirements for a properly filed proof of claim.

The modern formulation of the two-part test in Thompson reflects significant changes in the administration of bankruptcy over the last nine decades. Not only are modern bankruptcy courts themselves creatures of intervening statutes, but also, bankruptcy proceedings today, including those initiated by American Classic, are of a scale and complexity unforeseen in 1915. Bankruptcy proceedings are now governed by elaborate rules of procedure designed to make that scale and complexity manageable.

8

Two requirements in the five-part test are absent in Thompson: that informal proofs of claim must be in writing and that they must be filed with the bankruptcy court.[5] Those two new factors are justified, however, by specific rules of bankruptcy procedure. First, Rule 3001(a) defines a proof of claim as "a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a). Second, Rule 5005(a)(1) provides, with certain specified exceptions, that proofs of claim are to be filed with the clerk of the bankruptcy court.[6] See Fed. .R.

---

[5]We disregard for purposes of this discussion the general requirement that recognition of an informal proof of claim be equitable, a requirement inescapable in courts of equity like federal bankruptcy court. See In re Combustion Eng'g, Inc., 391 F.3d 190, 235 (3d Cir. 2004); see also Local Loan Co. v. Hunt, 292 U.S. 234, 240 (1934) ("[C]ourts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.").

[6]Rule 5005(a)(1) provides, in relevant part:

[P]roofs of claim . . . and other papers required to be filed by these rules, except as provided in 28 U.S.C. § 1409, shall be filed with the clerk in the district where the case under the Code is pending. The judge of that court may permit the papers to be filed with the judge, in which event the filing date shall be noted thereon, and they shall be forthwith transmitted to the clerk. Fed. R. Bankr. P. 5005(a)(1).

Bankr. P. 5005(a)(1). Those rules apply to all proofs of claim, whether formal or informal, and are reflected in the five-part test. Because the Rules of Bankruptcy Procedure are binding, the five-part test supercedes the Thompson test. See In re Gershenbaum, 598 F.2d 779, 781 n. 4 (3d Cir. 1979) ("Bankruptcy Rules . . . superceded interpretive case law dealing with procedure."); see also 28 U.S.C.A. § 2075; Weiss v. Regal Collections, 385 F.3d 337, 349 n. 21 (3d Cir. 2004).

More generally, we note that the substantive requirements of a proof of claim, including the notice requirement, cannot be significantly relaxed for "informal" proofs of claims. The distinction between formal and

---

See also Official Bankruptcy Form 10, 11 U.S.C. ("This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed."). Rule 5005(c) provides certain limited exceptions:

A paper intended to be filed with the clerk but erroneously delivered to the United States trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court . . . In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk . . . as of the date of its original delivery. Fed. R. Bankr. P. 5005(c).

10

informal proofs of claim refers only, as the terms suggest, to their form, not their substance. See Fed. R. Bankr. P. 5005(a)(1) ("The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices."). All proofs of claim must "conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). Official Bankruptcy Form 10, 11 U.S.C., defines a "proof of claim" as a "form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim)," and instructs a potential creditor to specify, among other things, the date debt was incurred and the total amount of her claim, as well as to attach documents that show the debtor owes the debt claimed.

In this case, Hefta's February 7, 2002 letter to Logan fails to satisfy the modern test for an informal proof of claim. The letter fails the second prong of the five-part test, i.e., that the alleged claim contain a demand on the estate.[7] To state a demand, it was not sufficient for Hefta merely to state that he had a claim against the Debtors arising from a work injury. "[M]ere notice of a claim alone is not to be called an informal proof of claim." United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.), 751 F.2d 1213, 1217 (11th Cir. 1985); see also In re A.H. Robins Co., Inc., 862 F.2d 1092, 1095 (4th

_____

[7]Because the second prong under the five-part test is the first prong of Thompson, we note that Hefta's letter would not qualify as an informal proof of claim under that test either.

11

Cir. 1988); <u>Wilkens v. Simon Bros., Inc. (In re Wilkins)</u>, 731 F.2d 462, 465 (7th Cir.1984). In order to constitute an informal proof of claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to "the existence, nature and amount of the claim (if ascertainable)." <u>Charter Co. v. Dioxin Claimants (In re Charter Co.)</u>, 876 F.2d 861, 863 (11th Cir. 1989); <u>see also</u> <u>Anderson-Walker</u>, 798 F.2d at 1288 (9th Cir. 1986) (allowing informal proof of claim where letter "unambiguously states the existence and amount of the debt, that the Debtor owed this sum to [the creditor], and that it had not been paid").

The alleged demand contained in the February 7, 2002 letter failed to inform Debtors of either the nature of Hefta's injury or the amount of his alleged claim. Although both Hefta and his attorney notified his employer of the injury in June 2000 and July 2001, respectively, and though those notices may have described the basic circumstances of Hefta's injury and its immediate physical symptom, there was no reason for Logan to read Hefta's February 7, 2002 letter to Logan in connection with those pre-petition notices of injury directed to Hefta's employer. Certainly, the letter to Logan requesting a proof of claim form did not contemplate or invite such guesswork.

Moreover, the February 7, 2002 letter would have been deficient even if it had referenced the earlier notices. The 2000 and 2001 notices of injury would not have apprised Debtors of the true nature and magnitude of Hefta's claim. The June 2000 report was filed shortly after the injury and before Hefta underwent surgery, and the July 2001 letter

12

merely notified American Classic of Hefta's representation by counsel. Because Hefta's letter to Logan lacked the requisite detail, we conclude that Hefta did not file a timely informal proof of claim.[8]

## IV. Excusable Neglect

Hefta also seeks permission to file a late claim. Even if Hefta's letter to Logan fails to qualify as a timely informal proof of claim, the Bankruptcy Court could accept a late claim if the delay resulted from excusable neglect. See Fed. R. Bankr. P. 9006(b)(1). "The determination whether a party's neglect of a bar date is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995). Under Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), courts look to four factors: first, prejudice to the Debtors; second, length of delay and its potential impact on judicial proceedings; third, the reason for delay, including whether it was within the reasonable control of the movant, and; fourth, whether the movant acted in good faith. Id. at 395. All factors must be considered and balanced; no one factor trumps the others. See George Harms Constr. Co. v. Chao, 371 F.3d 156, 164 (3d Cir. 2004).

---

[8]Because we concluded that the letter fails the second part of the five-part test, we need not consider whether the February 7, 2002 letter would meet the other four factors.

13

Applying the first and second <u>Pioneer</u> factors, we conclude that Debtors will be prejudiced by exposure to a late claim and that the length of the delay would have a substantial impact on the bankruptcy proceedings. <u>See</u> O'Brien, 188 F.3d at 127 (identifying, as among the factors to consider, "whether allowing the late claim would have an adverse impact on the judicial administration of the case" and "whether allowing the claim would open the floodgates to other similar claims"). Hefta moved for relief from the automatic stay two days <u>after</u> Debtors filed their Joint Plan of Liquidation with the Bankruptcy Court. A policy that would allow proof of claims at that late date would have disrupted Debtors' reorganization.

Thousands of individual claims are outstanding against Debtors; the sheer scale presents a formidable problem of management. The strict bar date provided by the Bankruptcy Court was intended, in part, to facilitate the equitable and orderly intake of those claims. Debtors argue, with some persuasive effect, that, in view of the large number of post-bar date claims filed, allowing appellant to file late might "render the bar order meaningless." Debtors allege, upon information and belief, that other prospective claimants have filed late claims for a total value of almost $5 million, and that counsel for both Debtors and the Official Committee of Unsecured Creditors continue to receive numerous inquiries from prospective claimants. <u>Cf.</u> <u>id</u>. at 128 (rejecting assertion of prejudice where debtor failed to allege other claimants also sought relief from Bar Date based on excusable neglect). In the context of this massive bankruptcy proceeding, Hefta's late claim would be prejudicial.

14

We rely, however, primarily on the third <u>Pioneer</u> factor. Specifically, we conclude that the delay in this case was entirely avoidable and within Hefta's control. Delay was the direct result of the negligence of Hefta's counsel in failing to review the Notice sent to him by Logan. Under <u>Pioneer</u>, we must impute that negligence to Hefta himself. <u>See</u> 507 U.S. at 397 ("[R]espondents [must] be held accountable for the acts and omissions of their chosen counsel. Consequently, in determining whether respondent's failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents <u>and their counsel</u> was excusable."). Thus, the third factor strongly disfavors Hefta.

With respect to the fourth and final <u>Pioneer</u> factor, there is no reason to believe that Hefta ever acted in bad faith. But nor was he so careful or vigilant as to overcome the weight of the previous three factors – especially the second. Accordingly, the Bankruptcy Court did not abuse its discretion by concluding that Hefta's failure to file his claim by the Bar Date does not qualify as "excusable neglect." <u>See</u> Fed. R. Bankr. P. 9006(b)(1).

Therefore, there is no cause to lift the automatic stay imposed under 11 U.S.C. § 362(d)(1). Like the District Court, we will affirm the orders of the Bankruptcy Court denying Hefta's Motion for Relief from Automatic Stay, his Motion for Enlargement of Time to File Proof of Claim, and his Motion to Reconsider and Vacate the previous orders.

———

15